## 48674. WILLIAMS v. THE STATE.

BELL, Chief Judge. Defendant was convicted of three counts of selling narcotics (heroin). Each count alleged a separate sale date, January 2, 3 and 15, 1973, respectively. The state's evidence clearly establishes the sales on each alleged date, and none other. After returning a verdict of guilty as to each count, the court charged the jury that: " . . . any person who . . . sells . . . any Narcotic Drug shall be guilty of a felony, and upon the first conviction thereof shall be punished by imprisonment in the penitentiary for not less than five nor more than ten years; provided, however, that any person who shall be convicted for the second or any subsequent offense shall be guilty of a felony, and upon conviction shall be punished by imprisonment for a period of not less than ten nor more than twenty years. So . . . the punishment on Count 1 is within the limitation of five to ten years. The punishment on Counts 2 and 3 are within the limitations of ten to twenty years . . ." The jury returned the

following sentences: Count 1, ten years; Count 2, fifteen years; and Count 3, fifteen years. The trial court thereafter sentenced the defendant to life imprisonment. *Held:*

1. Among many others, the cases of *Gravitt v. State,* 220 Ga. 781, 783 (141 SE2d 893); *Martin v. State,* 73 Ga. App. 573 (8) (37 SE2d 411) and *Bloodworth v. State,* 128 Ga. App. 657 (197 SE2d 423) stand for the proposition that where there is a conviction on all counts in a multi-count indictment in which each count charges a particular offense on a date which is not in common with the date specified in any other count, that there is no general offense charged and sentencing may be entered on each of the counts. In this case there was no general offense charged. Each count charged a separate offense on a date separate from any other. The proof of the offense and date corresponded respectively to each count and supported the conviction on each. Thus, sentencing on each count is authorized.

2. While this case involves a multi-count indictment and convictions on each, Code Ann. § 79A-9911 which authorizes *increased* punishment for "second" or subsequent convictions for the same type offense is not applicable here where the first conviction is the first count of the multi-count indictment. Clearly the previous conviction which the statute contemplates must have been one which occurred in a prior trial at a prior time. Where there are convictions on several counts, as we have here, in a multi-count indictment, each conviction on each count, as far as Code Ann. § 79A-9911 is concerned, must be considered as a first conviction. *Curtis v. State,* 102 Ga. App. 790 (9) (118 SE2d 264).

The trial judge's instruction to the jury that ". . . the punishment on count one is within the limitation of five to ten years. The punishment on Counts 2 and 3 are within the limitation of ten to twenty years . . ." was erroneous. It follows that the discretion the court exercised (see last sentence of Code Ann. § 79A-9911) in sentencing the defendant to life imprisonment was also erroneous. The judgment is reversed and a new trial is ordered on the issue of punishment only.

*Judgment reversed. Deen and Quillian, JJ., concur.*

SUBMITTED OCTOBER 1, 1973 — DECIDED NOVEMBER 28, 1973 — REHEARING DENIED DECEMBER 11, 1973 —

*Grogan, Jones & Layfield, John C. Swearingen, Jr.,* for appellant.
*E. Mullins Whisnant, District Attorney,* for appellee.