## 53348. MILLER v. THE STATE.

SUBMITTED JANUARY 7, 1977 — DECIDED FEBRUARY 11, 1977 — REHEARING DENIED FEBRUARY 24, 1977.

*Little & Adams, Robert B. Adams,* for appellant.
*Charles A. Pannell, Jr., District Attorney, W. Michael B. Stoddard, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.
1. "It has often been ruled by this court that the state is not bound to prove the commission of the offense charged in an indictment on the precise date alleged therein, but may prove its commission at any time within

the statute of limitations next preceding the date of finding the indictment." *Haupt v. State,* 108 Ga. 60, 61 (1) (33 SE 829). Accord, *McBryde v. State,* 34 Ga. 202; *McVeigh v. State,* 205 Ga. 326, 352 (53 SE2d 462); *McGruder v. State,* 213 Ga. 259 (1) (98 SE2d 564). Since the date is not under these circumstances a material allegation, it follows that, on trial for the illegal sale of whiskey, the state "in making out its case, is not confined to the day named in the accusation, but may prove the commission of the offense at any time within two years prior to the date of the accusation; and . . . whether acquitted or convicted the accused cannot again be tried for such an offense committed within the period of limitation, governing the case on trial." *Cole v. State,* 120 Ga. 485 (2) (48 SE 156). The indictment may be converted into a special charge by alleging in each count that the date stated is an essential averment of that count, in which case it must be proved as alleged, and will not serve as the basis of a plea of *autrefois convict* (or *acquit*) to a charge of committing the same act on a separate date. *Martin v. State,* 73 Ga. App. 573 (3, 4, 6) (37 SE2d 411). To the same effect see *Wiley v. State,* 124 Ga. App. 654 (185 SE2d 582); *Bloodworth v. State,* 128 Ga. App. 657 (197 SE2d 423); *Williams v. State,* 133 Ga. App. 66 (4) (209 SE2d 729). *Williams v. State,* 130 Ga. App. 418 (1) (203 SE2d 627) is not to be read as a holding that the mere fact that a different date is charged in each count will of itself make the indictment into a special one where the averment as to date is *not* particularized. In the present case there is no such particularization; accordingly, all dates alleged falling within the period of the statute of limitation, only one sentence could be imposed, and the addition of two further consecutive sentences was error.

2. A motion for change of venue was based on the premise that Miller's trial had received adverse pre-trial publicity which made it impossible for him to receive a fair trial. The evidence involved two newspaper articles mentioning the fact that Miller had been charged with selling whiskey and beer, as to one, and including his name in a list of arraignments, as to the other. Additionally, there were copies of a number of grand jury presentments reflecting a cold war between the sheriff's

office and that of a former district attorney, and some attempt to tie the facts together with testimony that (a) the purchaser of the liquor in this indictment had been fired by the sheriff and employed by the former district attorney, and (b) that the defendant's liquor difficulties were tied up with those of other folks apparently inimical to the attorney and perhaps friendly to the sheriff. None of this adds up to the showing required by Code § 27-1201 that "an impartial jury cannot be obtained in the county where the crime is alleged to have been committed." Mere reference to the defendant in a newspaper article does not demand a finding that a need for change of venue exists. *Biggers v. State,* 171 Ga. 596 (156 SE 201). The fair trial issue is in the judge's discretion, and his ruling will not be reversed unless manifestly abused. *Coleman v. State,* 141 Ga. 737 (82 SE 227); *Young v. State,* 125 Ga. 584 (1) (54 SE 82). Nor do we find error in the judge, during the jury trial, sustaining an objection to a question about the political struggle between these county offices, it being immaterial to the question at issue, which was simply whether the defendant did in fact make illegal liquor sales.

3. Where the defendant has offered no evidence, it is not reversible error for the state's attorney to draw the inference that "there is no question about the violation." See *Delvers v. State,* 139 Ga. App. 119 (227 SE2d 844).

4. Nor did the trial judge abuse his discretion in refusing to disqualify himself from trying the case. His prior statement to a witness that if the defendant were found guilty he would send him to jail was sufficient in the judge's opinion to cause him to withdraw from the sentencing feature of the case but did not necessitate a refusal to preside at the trial in chief. No law requires the court under these circumstances to handle these several features of the trial on an all-or-nothing basis.

5. The only witness testifying in this case was the investigator for the district attorney's office, who stated that on each buy he was accompanied by one or more informers, the names of whom he refused to divulge. "Where a person merely takes an undercover police officer to a location and identifies, or introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses

such sale, or alleged sale, such person is an informer and not a 'decoy' and a disclosure of his name, address, etc., to the defendant is not required as a matter of law under Code § 38-1102, but rests in the discretion of the trial judge." *Taylor v. State,* 136 Ga. App. 31 (2) (220 SE2d 49). It was not error to sustain an objection to a question seeking the identity of the informer.

*Judgment affirmed on the guilt phase of the trial, reversed and remanded for further proceedings as to sentencing. Webb and Marshall, JJ., concur.*