### 56559. GARRETT et al. v. THE STATE.

WEBB, Judge.

Stewart and Marie Garrett, husband and wife, were convicted on eight counts of a ten-count indictment charging them with theft by conversion of funds collected by Marie Garrett during the October term of 1977 while she was chief deputy clerk of the State Court of Richmond County. Marie Garrett was sentenced to 15 years on each count, five years on Count 2 to run consecutively to the 15 years on Count 1, and the remaining sentences to run concurrently, and Stewart Garrett was sentenced to 15 years on each count to run concurrently.

1. Appellants' first enumeration raises the issue of a variance in the allegata and probata, asserting that the stolen funds were not the property of "Helen M. Speltz, Clerk of State Court" as alleged in the indictment, but were the property of Richmond County. However, Marie Garrett acknowledged under cross examination the right of the clerk to possess the fines collected, and it was proved that "the money belonged to the Clerk of the State Court until it was disbursed."

It is well established that those who steal will not be permitted to raise "nice and delicate questions" as to the title of that which is stolen. *Ingram v. State,* 137 Ga. App. 412, 415 (3b) (224 SE2d 527) (1976) and cits. Thus, " 'The ownership of personal property, in an indictment for larceny, may be laid in a bailee having possession of the property when it was stolen, though the bailment was

gratuitous. A like description of ownership of personal property mentioned in an indictment for burglary, is sufficient.' *Wimbish v. State,* 89 Ga. 294 (1) (15 SE 325). 'So far as the thief is concerned, he cannot question the title of the apparent owner.' [Cits.]" *Hall v. State,* 132 Ga. App. 612 (208 SE2d 621) (1974).

2. Appellants contend that under *Miller v. State,* 141 Ga. App. 382 (233 SE2d 460) (1977), they could not be convicted of separate offenses because the indictment did not allege in each count that the date stated was an essential averment of that count. In *Miller* the defendant was indicted and convicted of three counts of "selling alcoholic liquors," each count alleging a separate date but not stating that the date was an essential averment, and he was sentenced to serve consecutive sentences on each count. Presiding Judge Deen, speaking for the court, held that since the averment as to date was not particularized and all dates alleged fell within the statute of limitations only one sentence could be imposed. In the case at bar each count of the indictment alleged that a different, specified sum of money was taken on a different, specified date. The applicable rule here was also stated by Judge Deen in *Wiley v. State,* 124 Ga. App. 654, 656 (185 SE2d 582) (1971): "Where an averment in one count of an accusation or indictment distinguishes it from all other counts, *either* by alleging a different set of facts *or* a different date which is made an essential averment of the transaction, the State may on conviction punish the defendant for the various crimes . . ." (Emphasis supplied.) In any event, the rules relied upon by appellants go only to sentencing, and are not grounds for reversal of their convictions as contended.

3. Appellants' argument that the verdicts of not guilty on two counts of the indictment are inconsistent and repugnant to the guilty verdicts on the other eight counts presupposes a ruling by this court that the indictment contained only a single general charge, and must likewise fail.

4. Count 3 of the indictment charged that on October 27, 1977, Marie E. Garrett and Stewart P. Garrett, Jr., converted $1,915. They assert that because the evidence established that Marie Garrett was not at work on that

date, the judge should have directed a verdict in their favor on that count.

This position overlooks the fact that the subjective intention to convert the funds manifested itself when the cash fines were deposited into appellants' joint checking account. Mrs. Garrett had the right and responsibility to maintain and possess state court fines in her official capacity, and on several occasions she left the courthouse with fines, delivered them to a probation officer for safekeeping, and properly returned them to the clerk's office the next morning. Such acts did not constitute a conversion, so whether or not the court was in session on October 27 is of no probative value in the determination of Mrs. Garrett's criminal intent. The conversion to appellant's own use occurred on October 27 when a cash deposit was made to their joint bank account. *Baker v. State,* 143 Ga. App. 302 (2) (238 SE2d 241) (1977).

5. Appellants' fifth enumeration of error regarding the participation of Stewart Garrett also ignores the point at which the conversion occurred. The state proved he not only counted the money and prepared the deposit slips, but that he also personally deposited funds into the joint account. Thus he was involved in the commission of the crime by direct participation in converting the money, and could not be classified as an accessory after the fact under old law or a recipient of stolen property under present law, as urged by appellants.

Because of Garrett's proven participation in conversion of the funds, the only question for the jury was whether he had knowledge of the source of the cash, and the jury was well authorized to find that he did. He spent many days in court watching his wife collect fines; he left at the conclusion of the court sessions with Mrs. Garrett and the cash; and he knew the extent of his wife's earned income as well as the amount of an earlier inheritance she had received. Garrett claimed that his wife had told him she had a lock box full of cash from the inheritance, but evidence of financing of loans on their home, a pool, a recreational vehicle and incurrence of other major indebtednesses refuted his professed ignorance of the amount of his wife's inheritance and belief in an endless supply of cash. His explanation was for the jury to

consider and give such weight as it saw fit, and this court will not address itself to the weight of the evidence where there is any evidence, as here, to support the verdict. *Moore v. State,* 140 Ga. App. 824 (1) (232 SE2d 264) (1976).

6. It follows that Stewart Garrett was subject to punishment as a party to the crime under Criminal Code § 26-802 for violation of § 26-1812 (b) (theft by conversion by government employees), and that the sentence imposed was within the range provided by law (one to fifteen years).

7. Appellants complain of the admission of their income tax returns for the years 1974, 1975 and 1976, relying on Code Ann. §§ 92-3216 and 92-8414 for the proposition that income tax returns are privileged except in cases where the issue is the return itself. Code Ann. § 92-3216 provides in part that "Except in accordance with proper judicial order or as otherwise provided by law" it shall be unlawful for the State Revenue Commissioner to divulge or make known in any manner the amount of income or any particulars set forth or disclosed in any income tax return. Code Ann. § 92-8414 further provides that such information shall be confidential.

(a) It is clear from the exceptions to the statutes that the confidentiality of tax returns is not absolute and that the social policy underlying the law providing for confidentiality of tax returns inures to the benefit of the state by encouraging the citizenry in voluntary reporting and assessment of income. Thus the decision to produce the returns or appeal the order lies with the Attorney General.

Relying upon New York decisions the Attorney General filed a motion to quash the district attorney's subpoena for the returns in question. A hearing was held after which the trial judge entered an order to release the returns, reasoning that "While this Court will afford the utmost deference to the claim of privacy raised by the Attorney General, it cannot defeat the need for evidence in pending criminal proceedings based upon a generalized interest in confidentiality. The allegation of theft of State Court imposed fines by an officer of the State Court reflects upon the very integrity of the judiciary itself. In this extraordinary case, the interest of criminal

prosecution of whoever is guilty is certainly as important as the release of privileged information to other governmental units for the purpose of collection of taxes, a specific exception to the confidentiality of income tax returns."

The Attorney General chose not to appeal this order to produce the return, and we are not prepared to hold under the circumstances here that it was not a "proper judicial order" as contemplated by the statute, authorizing release, or that it was an abuse of discretion by the trial court to allow them in evidence.

(b) Nor did admission of the returns put the appellants' character in issue so as to violate Code § 38-202. This evidence, even though cumulative, was introduced for a relevant purpose, i.e., to show that Stewart Garrett knew his wife had no sources of income other than from her employment and to indicate his knowledge of the source and extent of her income. If it placed his character in issue, it did so only incidentally, which does not render it inadmissible. *Tuzman v. State,* 145 Ga. App. 761, 762 (1A) (244 SE2d 882) (1978) and cits.

8. Remaining enumerations relating to admission in evidence of other criminal transactions by appellants are without merit. Since the earliest reported embezzlement cases, like criminal acts by the embezzler have been admitted to show fraudulent intent and are a well-established exception to the general rule enunciated in Code § 38-202. See *Jackson v. State,* 76 Ga. 551 (8) (1886). Because intent is also an essential element in the crime of theft by conversion, similar transactions are likewise admissible to prove intent. *Claughton v. State,* 50 Ga. App. 398 (178 SE 327) (1934); see also *Marshall v. State,* 231 Ga. 89 (2) (200 SE2d 268) (1973); *Tuzman v. State,* 145 Ga. App. 762 (1A), supra. Since the relevance of this evidence to the issues at trial outweighed its prejudicial impact, it was properly admitted. *Andrews v. State,* 143 Ga. App. 791 (2) (240 SE2d 142) (1977).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 7, 1978 — DECIDED OCTOBER 2, 1978 —
REHEARING DENIED OCTOBER 23, 1978 —

Nixon, Yow, Waller & Capers, John B. Long, D. Field Yow, Wilson & Trotter, William A. Trotter, Kenneth R. Chance, for appellants.

Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney, for appellee.