62231. SMITH v. THE STATE.
62232. NEWELL v. THE STATE.

SHULMAN, Presiding Judge.

Appellants were charged with 17 counts of cruelty to animals, one count of violating a zoning ordinance, and three counts of violating a business license ordinance. The basis for the charges were allegations that appellants, without the benefit of a business license, operated a pet store at a location not zoned for commercial use and then abandoned a number of animals without food or water. Following a bench trial, appellants were convicted of 12 counts of cruelty to animals, the zoning violation, and all three business license counts. Though their appeals were separately filed and docketed, appellants present the same arguments in seven identical enumerations of error.

1. In their first two enumerations of error, appellants raise the general grounds, contending that the evidence does not support an adjudication of guilt and that the circumstantial evidence did not exclude every reasonable hypothesis other than that of guilt. The record does not support appellants' position.

Code Ann. § 26-2802 provides that "[a] person commits a misdemeanor when his act, omission, or neglect causes unjustifiable physical pain, suffering, or death to any living animal." The evidence here showed that appellants had exclusive control and possession of certain property on which the animals here involved were found. Many of the animals were dead under circumstances indicating that death resulted from a lack of food and water. Some of the animals involved were alive when found but were so seriously malnourished and ill that they were put to death by the state. The inescapable conclusion to be drawn from the evidence is that appellants abandoned living animals without food or water, thereby causing

"unjustifiable physical pain, suffering, or death . . ." Appellants' argument that they are not properly chargeable with cruelty to the animals killed by the state is patently without merit. The statute does not limit the offense to killing animals; it is enough to cause them unjustifiable suffering. The evidence here sufficiently showed such suffering and appellants' culpability therefor.

As to the counts alleging violations of county ordinances, appellants contend that the evidence is insufficient because the state did not present properly authenticated copies of the ordinances in question. The transcript shows that the trial court admitted the ordinances into evidence over the objection of appellants after finding they were correctly authenticated. However, pursuant to an agreement between counsel, none of the exhibits in this case has been included in the record.

"[W]here the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of Code Ann. § 6-805 (f). [Cits.] When this is not done, there is nothing for the appellate court to review. [Cits.]" *Zachary v. State,* 245 Ga. 2, 4 (262 SE2d 779). "In the absence of a transcript we must assume as a matter of law that the evidence adduced at the hearing supported the findings of the court." *Moore v. State,* 151 Ga. App. 413, 415 (260 SE2d 350). Applying those principles to the present case, we assume, as a matter of law, that the ordinances were sufficiently authenticated and properly admitted into evidence. Therefore, there was not a failure of proof on the zoning and business license counts.

2. The animals involved in this case and much of the other evidence used at trial were found in two searches of a house in Cobb County. The searches were both conducted pursuant to warrants, but the state conceded at the hearing on the motion to suppress that there was not sufficient probable cause to support the issuance of the warrants. To justify the searches, the state relied on an abandonment theory, contending that appellants no longer had a reasonable expectation of privacy in the premises at the time of the searches. See *Bloodworth v. State,* 233 Ga. 589 (2) (212 SE2d 774).

Appellants presented evidence suggesting that appellant Newell had maintained her residence in the searched house although she was temporarily living elsewhere. In support of the abandonment theory, the state presented evidence that rent had not been paid for several months prior to the search, that the owner of the property had initiated proceedings to take possession of the premises, that the power and water had been turned off, that the telephone had been disconnected several months before the search, and that the interior of the house was uninhabitable due to heavy deposits of animal feces

and the odor of decomposing food and dead animals. The trial court also noted that appellant Newell had been impeached and that her testimony was not worthy of belief. "Our Supreme Court has held that '[f]actual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous.' [Cit.] There is testimony . . . supporting the finding of the trial court. The court's findings are not clearly erroneous. This enumeration is without merit." *Rogers v. State,* 155 Ga. App. 685, 686 (272 SE2d 549).

3. Appellants have enumerated as error the denial of their motion to quash in which they contended that the accusation on which they were prosecuted was too vague and indefinite in its description of the animals found at the residence. We disagree.

The accusation identified the animals by species or breed and by location,. and distinguished between similarly described animals on the basis of living and dead animals. The misconduct by appellants and the harm caused by that conduct was set out in each count. "[I]t strains credulity to assert that the accused [do] not know the specific offense with which [they are] charged or that such language does not allege criminal misconduct . . . Overly technical niceties of pleading are no longer required so long as the accusation is sufficient to be easily understood by the jury or is substantially in the language of the statute. [Cits.] Thus an accusation is sufficient if it charges the commission of an offense in plain terms and the nature of the offense is sufficiently described to permit both the accused and the jury to understand the crime charged in the accusation." *Rowles v. State,* 143 Ga. App. 553, 555 (239 SE2d 164). The accusation here was sufficient for the purposes described above and appellants' contentions to the contrary are without merit.

4. Upon appellants' conviction of the crimes here involved, the trial court sentenced them to 12 months' confinement and a fine on each of the 16 counts of which they were convicted. Seven of the 12-month sentences were designated as consecutive; all the rest were concurrent with the last of the consecutive sentences. Only the first two 12-month sentences were to be served in confinement; the others were all probated. Appellants now contend, citing *Miller v. State,* 141 Ga. App. 382 (233 SE2d 460), that because the averments of the accusation are general, they could be convicted of only one count of each type offense, i.e., one count of cruelty to animals, one count of zoning ordinance violation, and one count of business license ordinance violation.

" 'Where an averment in one count of an accusation . . . distinguishes it from all other counts, *either* by alleging a different set of facts *or* a different date which is made an essential averment of the

transaction, the State may on conviction punish the defendant for the various crimes . . .' " *Garrett v. State,* 147 Ga. App. 666, 667 (250 SE2d 1). A review of the accusations in this matter shows that each of the cruelty to animals counts depends on a different set of facts which distinguishes it from the others. There is no question that the consecutive sentences on those counts were authorized. The zoning ordinance violation is not involved in this issue since there was only one count of that charge. The business license ordinance violations, however, raise this issue and demand relief for appellants.

As to the three counts of the business license ordinance violation, the counts in the accusation are identical except for the dates alleged. Since the dates alleged were not made essential averments, only one conviction can stand. *Miller,* supra. Of course, as appellants note, the issue involves sentencing only. The trial court will be directed to vacate two of the sentences entered on the three convictions for business license violations.

5. Appellants have attempted in this appeal to mount a constitutional attack on Code Ann. § 27-2511.1, "Review of Sentences." The attack is grounded on appellants' contention that they, as misdemeanants whose sentences total more than five years, are denied equal protection of law because that statute applies only to felony convictions.

Even if this court had jurisdiction to entertain constitutional attacks on state statutes, we would not consider the merits of this enumeration of error. Appellants have not yet applied for review of their sentences. Indeed, the time when appellants will be eligible to apply for sentence review has not yet arrived. By the terms of the statute appellants seek to attack, they may not seek review of their sentences until "after the remittitur from the Court of Appeals or Supreme Court affirming the conviction is made the judgment of the sentencing court . . ." Code Ann. § 27-2511.1 (a). This enumeration of error is premature.

6. Appellants' final enumeration of error is also directed toward their sentences. They contend that the sentences imposed amount to cruel and unusual punishment because the trial court did not rely on a pre-sentence report and did not take into account that appellants are first offenders.

We find appellants' argument unavailing for two reasons. First, appellants have cited us to no authority requiring the use of a pre-sentence report. Second, the sentences are within the statutory limits and present no issue to this court for consideration. *Mayfield v. State,* 153 Ga. App. 459 (6) (265 SE2d 366).

In summary, we find no reason to reverse any of appellants' convictions. We do, however, return this case to the trial court with

direction to vacate the sentences entered on two of the business license ordinance violation convictions for the reasons stated in Division 4 of this opinion.

*Judgments affirmed with direction. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 18, 1981 —
REHEARING DENIED OCTOBER 13, 1981 IN CASE NO. 62232.

*William D. Perkins,* for appellant (case no. 62231).
*Richard L. Moore,* for appellant (case no. 62232).
*Herbert Rivers, Solicitor, James W. Richter, Malcolm C. McFarlane, Assistant Solicitors,* for appellee.