## 66216. HAMILTON v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted in four counts for the offense of meter tampering for four separate periods of time with reference to the intentional and unauthorized prevention of an electric meter from properly registering the quantity of electricity supplied by a municipality engaged in the sale of electrical services in that he did remove an electric meter and a meter can from its original position, turning same in an upside down position, causing said meter to malfunction. The offenses are misdemeanors with reference to persons who violate the statute, now OCGA § 16-7-25 (formerly Code Ann. § 26-1507 (Ga. L. 1976, pp. 773, 774; 1978, p. 1658)). Defendant was found not guilty as to Counts 1, 2 and 3 but guilty of Count 4, all counts being identical except for the dates alleged, Count 1 occurring between April 21, 1982, and May 20, 1982; Count 2 between May 20, 1982, and June 18, 1982; Count 3 being between June 18, 1982, and July 18, 1982; and in Count 4 the dates alleged are between July 18, 1982, and August 11, 1982. Defendant appeals. *Held:*

Defendant enumerates four separate enumerations of error, contending the verdict of guilty on Count 4 must be set aside since he had been acquitted in Counts 1, 2 and 3 of the same offense within a two-year period preceding the date of indictment, and therefore, the guilty verdict is barred and without legal consequences; that the verdict of guilty must be reversed on the grounds of former jeopardy

and autrefois convict; the verdict of guilty is repugnant and self-contradictory; and same is inconsistent with the verdicts of not guilty as to Counts 1, 2 and 3. By brief the defendant has argued all four enumerations of error together. He contends that a verdict of not guilty as to the first three counts acts as a bar of conviction on Count 4, since the dates were not alleged as an essential averment; hence, the not guilty verdicts covered the entire two-year period of limitations preceding the date of indictment which necessarily encompassed Count 4 in which a verdict of guilty was returned. Yet, each of the four counts set forth a specific period of time in which the defendant is accused of the offense of meter tampering as each count constituted a separate transaction. Although similar in nature each count alleged a specific period of time and an overt act constituting the crime. Hence, the multiple count indictment was not improper. See *Leverenz v. State,* 140 Ga. App. 632, 636-637 (4) (231 SE2d 513); *Strauss v. State,* 113 Ga. App. 90, 93 (2) (147 SE2d 367). Compare *Price v. State,* 155 Ga. App. 206, 207 (2) (270 SE2d 203), rev'd s.c., 247 Ga. 58, 60 (273 SE2d 854). The averments of each count refer to a different period of time hence same is made an essential averment of the transaction, and each count of the indictment is distinguishable. See *Smith v. State,* 160 Ga. App. 26, 28-29 (4) (285 SE2d 749); *Garrett v. State,* 147 Ga. App. 666, 667 (2) (3) (250 SE2d 1). Here there was no former conviction to prevent a later prosecution. See *Jenkins v. State,* 14 Ga. App. 276 (4), 279 (80 SE 688). The autrefois convict plea is not meritorious. Further, a plea of former jeopardy must be made in writing upon arraignment and before pleading to the merits, and there was no former jeopardy at the time of the arraignment. Thus, there could be no former jeopardy. As to repugnancy, inconsistency and the verdicts being self-contradictory, the acquittals must necessarily include a finding against a fact that is essential to conviction for the other charges. See *Jackson v. State,* 230 Ga. 640, 641 (198 SE2d 666); *Stewart v. State,* 147 Ga. App. 547, 548 (2) (249 SE2d 351); *Painter v. State,* 159 Ga. App. 479, 480 (2) (283 SE2d 695). The nature of the offenses charged here, while involving the same type of overt act, clearly were for different periods of time and the acquittal for three periods of time (Counts 1, 2 and 3) in no wise involves the conviction as to the fourth period (Count 4). At most, the acquittals represented that the jury determined the state failed in its burden as to Counts 1, 2 and 3. See *Jackson v. State,* 230 Ga. 640, 641, supra. Further, our examination of the transcript and record shows that the jury, as a rational trier of fact, was authorized to determine beyond a reasonable doubt that the defendant had turned his meter upside down, had used electricity during this period (between July 18, 1982, and August 11, 1982) which did not register on the meter, his

fingerprints were found inside the meter cover and a picture of the meter in its upside down position was also introduced in evidence. There is simply no irreconcilable conflict in the verdicts to warrant a reversal.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 16, 1983 —
REHEARING DENIED JULY 8, 1983 — 

*Glenn Zell*, for appellant.
*Hobart M. Hind, District Attorney, John W. Hogg, Assistant District Attorney*, for appellee.