65440. LaPAN v. THE STATE.

DEEN, Presiding Judge.

Ronald Edward LaPan, appellant here, was charged in six indictments with rape, child molestation, and sodomy. A Chatham County jury found him guilty under four indictments, and he received concurrent twenty-year sentences on three charges of rape and another twenty-year sentence on a charge of aggravated sodomy, this sentence to run consecutively to the others.

LaPan's nine-year-old stepdaughter alleged that the offenses charged were committed on several dates in September 1981 and one date in December of the same year. She testified that she had submitted to the defendant's advances out of fear of being beaten and that she had not reported the incidents to her mother because of her stepfather's threat, uttered immediately after the first incident, that

he would kill her if she told anyone. Three weeks after the occurrence of the last alleged incident Mrs. LaPan's suspicions were aroused by a remark of her husband's, and she questioned the child as to whether any sexual contact had occurred. The child hesitated at first but eventually told her mother of the incidents. Mrs. LaPan immediately took her to a hospital emergency room and subsequently to a gynecologist for examination. Both examinations confirmed that the child's vagina had been penetrated (apparently more than once) by some object of such nature as to lend credence to the allegations of rape. Immediately after the first examination the mother moved her belongings and those of her children from the LaPans' mobile home to the home of her parents. The next day she filed for divorce.

At trial the child identified the dates and hours of the alleged incidents chiefly by reference to the opening and closing of school and to her mother's customary working hours. The defendant offered an alibi defense, initially supporting it with portions of business records from his employer's firm purporting to show that he was scheduled to be at work during the critical hours of the day for the whole period of September through December of 1981. When the state produced other portions of the same records showing that defendant, for various reasons, had not actually been at work at any time during the day of either the first or the last of the incidents alleged in the indictments — or on the day following each of those two dates — defendant produced as an alibi witness a co-worker who testified that defendant had gone fishing with him on the afternoon on which the first incident allegedly occurred. He offered no further alibi evidence regarding any of the other dates charged in the indictments. A school official testified that the schools had closed for Christmas vacation on December 22 rather than December 21, the latter being the date on which, according to the child's testimony, the last incident had occurred. There was other testimony regarding (1) the whereabouts of the defendant and other persons involved at the times in question and (2) Mrs. LaPan's possible motives in bringing such charges against her husband.

In bringing this appeal LaPan enumerates as error, in addition to the general grounds (No. 6), the court's failure to grant appellant's motion for a directed verdict of acquittal (No. 2) and to give two properly requested jury instructions on impeachment and on simple sodomy as a lesser included offense (Nos. 3, 4). Appellant's remaining two assignments of error concern the court's instruction that a guilty verdict on each indictment was authorized if the evidence showed that the alleged offenses occurred at any time within a statutory four-year period prior to the accusation (No. 1), and the imposition of sentence on each of the three rape convictions when the indictments

for rape were identical save for the averment of date and the date was not made an essential element (No. 5). *Held:*

1. The enumerations numbered 2 and 6 are clearly without merit. The determination of the weight of the evidence is solely for the jury. An appellate court can only determine that there is sufficient evidence to enable a reasonable trier of fact to reach the verdict rendered. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980). In the instant case there clearly was sufficient evidence adduced by the state to enable a reasonable jury to find the defendant guilty of the offenses charged beyond a reasonable doubt. Equally clearly, there was insufficient evidence to demand a directed verdict of acquittal. OCGA §§ 9-11-50, 17-9-1 (Code Ann. §§ 81A-150, 27-1802); *Barnes v. State,* 245 Ga. 609, 610 (266 SE2d 212) (1980).

2. The enumerations numbered 3 and 4 are also without merit. The court correctly instructed the jury as to the credibility of witnesses, the means of impeachment, and the effect of such impeachment. See OCGA §§ 24-9-82, -83, -84, -85 (Code Ann. §§ 38-1802, 38-1803, 38-1804, 38-1806). So long as the court's instruction fairly and substantially covers the matter of the written request, it is not error to fail to give the instruction in the exact language of the request. *Hand v. Hand,* 244 Ga. 41 (257 SE2d 507) (1979); *Watkins v. Davis,* 152 Ga. App. 735 (263 SE2d 704) (1979). Moreover, there was no actual impeachment of any of the prosecution's witnesses regarding any *material* issue, as contemplated by OCGA § 24-9-85 (Code Ann. § 38-1806). *Gilbert v. State,* 159 Ga. App. 326 (2) (283 SE2d 361) (1981). There were bare allegations that Mrs. LaPan had formerly worked in massage parlors, but those allegations, even if they had been supported by evidence, would not have been material to the issues in the instant case. *Hill v. State,* 159 Ga. App. 489 (283 SE2d 703) (1981); *Gilbert v. State,* supra. The apparent one-day discrepancy in the child's testimony regarding the date of the last alleged rape was likewise immaterial, since the prosecution had made serious inroads into appellant's "alibi" for the entire time span, specifically including both the date the child had testified to and the "correct" alternative date, which was the day following. Moreover, the credibility of witnesses, after proper instruction by the court, is a determination solely within the province of the jury. OCGA § 24-9-80 (Code Ann. § 38-1805); *Malone v. State,* 142 Ga. App. 47 (234 SE2d 844) (1977).

As to the requested instruction regarding simple sodomy as a lesser included offense, it is the law in Georgia that the court must give such an instruction if properly requested and if the evidence supports it. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976);

*Malone v. State,* 142 Ga. App. 47, supra. The crucial distinction between simple sodomy and aggravated sodomy is that the latter is accomplished "with force and against the will." OCGA § 16-6-2 (a) (Code Ann., § 26-2002). In the instant case the evidence supports only the charge of aggravated sodomy. The element of consent is obviated by the victim's age. OCGA § 16-3-1 (Code Ann. § 26-701); *Carter v. State,* 122 Ga. App. 21 (176 SE2d 238) (1970). The state proved the presence of the element of force by eliciting testimony as to the child's fear of bodily harm if she did not accede to her stepfather's wishes. A charge on the lesser included offense was therefore not required.

3. The trial court did not err in instructing the jury that a guilty verdict could be returned if the evidence showed that the offenses charged occurred within a statutory four-year period prior to the filing of the charges. This court has held that when, as here, the accused raises an alibi defense in reliance upon the date charged in the indictment, an instruction like the one assigned as error is "potentially confusing." *Thomas v. State,* 158 Ga. App. 97 (279 SE2d 335) (1981). We have also held, however, that unless time is of the essence of the crime or is expressly made material, such an instruction is not grounds for reversal so long as the requirements set forth in *De Palma v. State,* 225 Ga. 465 (169 SE2d 801) (1969) are fulfilled: (1) that the accused be definitely informed as to the charges against him so that he will be able to prepare his defense and not be taken by surprise at trial, and (2) that he not be subjected to another prosecution for the same offense. See *Caldwell v. State,* 139 Ga. App. 279 (228 SE2d 219) (1976). In the instant case the defense purported to establish an alibi for the entire three-month period in question, but when the state showed that this alibi was invalid for the narrower periods including the dates alleged and days immediately preceding and following, a further alibi was raised for only one of the four critical dates or series of dates. It cannot be said that defendant was taken by surprise by the single seeming discrepancy in date (December 21/22) or that his defense was in any way prejudiced thereby. Contrary to appellant's further contention, there is no indication that the jury did not consider each indictment separately and reach a unanimous verdict on each. This enumeration is therefore without merit. See *Caldwell v. State,* supra, 286, 287; *Miller v. State,* 141 Ga. App. 382, 383 (233 SE2d 460) (1977); *Cole v. State,* 120 Ga. 485 (2) (48 SE 156) (1904).

4. The trial court erred in imposing separate sentences for each of the three convictions of rape. The three charges differed from one another only with respect to the averment of date, and in none of the three was the date made an essential element. Since all the dates alleged fall within the period of the statute of limitation, only one

sentence can be imposed. *Smith v. State,* 160 Ga. App. 26, 29 (285 SE2d 749) (1981); *Miller v. State,* supra. This error affects the sentencing phase of the trial only, however, and since all the sentences imposed pursuant to the rape convictions were identical in length and were to be served concurrently, no harm has ensued to the appellant. The error is therefore no basis for reversal of the judgment, and the case is remanded solely for the purpose of vacating two of the sentences on the rape convictions. The twenty-year sentence for the separate offense of aggravated sodomy is of course unaffected by this ruling.

*Judgment affirmed with direction. Banke, J. concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 17, 1983 —
REHEARING DENIED JULY 1, 1983 — 

*Robert J. Duffy, Dwight T. Feemster,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.