**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 13, 2013**

# In the Court of Appeals of Georgia

A12A1982. DANIELS v. THE STATE.

BRANCH, Judge.

Terry Daniels was tried and convicted on five counts of child molestation, four counts of aggravated child molestation, and two counts of incest all involving the same victim; he was acquitted on two counts of statutory rape. On appeal, Daniels does not challenge the sufficiency of the evidence. Rather, he challenges aspects of his sentence and claims ineffective assistance of counsel. The issues arise out of the fact that, with one exception, Daniels was charged in each of six pairs of counts with identical sexual misconduct toward the same victim, with one count alleging misconduct before July 1, 2006, and the other alleging misconduct on or after that date.

In each pair of counts, Daniels was charged with one of various types of sexual misconduct toward the victim. In one count he was alleged to have committed the misconduct in two separate time periods occurring before July 1, 2006; in the other count he was charged with the identical misconduct in two separate time periods occurring on or after July 1, 2006. For example, in Counts 1 and 2, Daniels was charged with child molestation in that he "did touch said child upon her vagina with his hand." In Count 1, it was alleged that the crime occurred

> *on or about* the periods between January 1, 2005 and September 20, 2005, and the periods between October 7, 2005 and June 30, 2006, *the exact dates being unknown.*

(Emphasis supplied.) In Count 2, it was alleged that the crime occurred

> *on or about* the periods between July 1, 2006 and September 25, 2007, and the periods between March 7, 2008 and May 29, 2008, *the exact dates being unknown.*

(Emphasis supplied.) The other five matching pairs of counts – Counts 3 and 4, 6 and 7, 8 and 9, 10 and 11 and 12 and 13 – follow this pattern, the only change being the alleged misconduct.[1] The six pairs of counts were charged in this fashion because

---

[1] Count 5 alleged only actions by Daniels occurring after July 1, 2006, and that count does not have a matching count alleging the same misconduct prior to that date.

2

effective July 1, 2006, the legislature modified and amended the punishment provisions related to these crimes.[2]

On April 13, 2011, following trial, the jury returned a verdict against Daniels, and he was sentenced that day on all 11 counts for which he was convicted. In Counts 6, 8, and 12, Daniels was given the post-July 1, 2006 sentence even though each of these counts alleged conduct occurring before July 1, 2006. Defense counsel did not object to the sentence in open court that day. On May 2, 2011, however, Daniels moved for a new trial, and on November 1, 2011, he amended his motion, to assert, among other things, that the court erred by applying an ex post facto sentence on Counts 6, 8, and 12[3]; that the court should have merged each matching pair of counts

---

[2] Effective that date, the legislature, among other things, (1) increased the sentence range for the crime of child molestation for first offenders to 5 to 20 years and for multiple offenders to 10 to 30 years, OCGA § 16-6-4 (b); (2) increased the sentence range for the crime of aggravated child molestation from 10 to 30 years to "imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life," OCGA § 16-6-4 (d) (1); (3) increased the sentence range for the crime of incest from 1 to 20 years to "imprisonment for not less than 25 nor more than 50 years" when the victim is less than 14 years of age, OCGA § 16-6-22 (b); and (4) added a new provision for mandatory minimum sentences for persons convicted of a sexual offense, OCGA § 17-10-6.2. 2006 Ga. L., Act 571 (H.B. 1059), § 11, 14, 21.

[3] See, e.g., *Ewell v. State*, 318 Ga. App. 812 (3) (734 SE2d 792) (2012) (sentences were ex post facto in application where defendant "was sentenced under a later version of the statute than the one in effect when the crimes were committed").

for the purpose of sentencing; and that the court should use the lesser sentence in each pair based on the doctrine of lenity. Daniels also raised a claim of ineffective assistance of counsel in connection with the same sentencing issues. In reply, the State agreed that Daniels was sentenced in violation of ex post facto prohibitions on Counts 6, 8, and 12, and it added that Daniels was also improperly sentenced pursuant to OCGA § 17-10-6.2[4] on Counts 1, 3, 6, 8, and 12 because that statute went into effect on July 1, 2006.

Although the trial court denied the motion for new trial, it agreed with the State that Daniels had been sentenced improperly, and the court announced that Daniels's sentence would be vacated on Counts 1, 3, 6, 8, and 12 and that he would be resentenced. Thus, on March 22, 2012, nunc pro tunc to April 13, 2011 , the trial court resentenced Daniels. Nevertheless, the court did not merge any of the counts. All

---

[4] OCGA § 17-10-6.2 provides for certain mandatory minimum sentences for sexual offenses.

together, Daniels was sentenced to a total of life plus 45 years to serve.[5] Daniels timely appealed the denial of his motion for new trial, and he amended his notice of appeal to appeal the sentence entered on March 22, 2012.

1. Daniels does not dispute that some evidence was presented to show that he committed each crime both before and on or after July 1, 2006. Accordingly, there was sufficient evidence to support the jury's verdict.

2. Daniels challenges the trial court's failure to merge for sentencing one count in each of five pairs of counts in which the crimes alleged are identical but the date range is different. He contends the sentence on one count in each pair is void because it should have merged into the corresponding count for sentencing given that the only difference in the counts in each pair was the alleged range of dates that the crime was

---

[5] Daniels was resentenced as follows:

| | |
|---|---|
| Count 1: Child Molestation | 20 years to serve, consecutive to Count 7; |
| Count 2: Child Molestation | 20 years to serve, concurrent to Count 1; |
| Count 3: Child Molestation | 20 years to serve, concurrent to Count 1; |
| Count 4: Child Molestation | 20 years to serve, concurrent to Count 1; |
| Count 5: Child Molestation | 20 years to serve, concurrent to Count 1; |
| Count 6: Agg. Child Mol. | 30 years to serve, concurrent to Count 7; |
| Count 7: Agg. Child Mol. | life imprisonment; |
| Count 8: Agg. Child Mol. | 30 years to serve, concurrent to Count 7; |
| Count 9: Agg. Child Mol. | life imprisonment, concurrent to Count 7; |
| Count 12: Incest | 20 years to serve, consecutive to Count 1; and |
| Count 13: Incest | 25 years to serve, consecutive to Count 1, but concurrent to Count 12. |

5

committed, yet those dates were not alleged to be material averments of the indictment. Daniels notes that the trial court, in fact, charged the jury that the dates were not material averments:

> I charge you the dates alleged in this indictment are not material elements of the charges contained therein, and where the date alleged in the indictment is not a material element of the offense, the State must prove that the offense occurred as of any date within the Statute of Limitations, and the Statute of Limitations with respect to all counts within this particular indictment is seven years.

And, of course, the jury was not aware of the significance of the July 1, 2006 sentencing distinction. Daniels concludes that based on the indictment and on the jury instruction, "the jury could have found Mr. Daniels guilty based on conduct occurring before July 1, 2006, for the offenses that alleged the date range beginning July 1, 2006." Thus, he could have been given the post-July 1, 2006 sentences for actions occurring before July 1, 2006. We agree.

Where two charges are indistinguishable because "all of the averments, including date (which was not made an essential element), victim, and description of defendant's conduct constituting the offense were identical," only one sentence may be imposed. (Citation and punctuation omitted.) *Hudson v. State*, 309 Ga. App. 580,

6

582 (2) (711 SE2d 95) (2011); see also *LaPan v. State*, 167 Ga. App. 250, 253-254 (4) (305 SE2d 858) (1983) ("Since all the dates alleged fall within the period of the statute of limitation, only one sentence can be imposed.") (citation omitted) (physical precedent only); *Smith v. State*, 160 Ga. App. 26, 29 (4) (285 SE2d 749) (1981) (where "the counts in the accusation are identical except for the dates alleged," and the dates "were not made essential averments, only one conviction can stand"); *Hilliard v. State*, 193 Ga. App. 54 (1) (387 SE2d 21) (1989). Compare *Williams v. State*, 202 Ga. App. 494, 496 (2) (414 SE2d 716) (1992) ("each count of the indictment in the present case does contain a statement to the effect that the alleged commission date constitutes a material averment") (citation omitted).

Similarly, where a charge alleges a range of dates wherein the crime occurred without alleging that the dates are material averments, the charge "covers any offense of the nature charged within the period of limitation, including the dates alleged, and the State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period." (Citation and punctuation omitted.) *Bowman v. State*, 184 Ga. App. 197 (2) (361 SE2d 58) (1987); See also *State v. Layman*, 279 Ga. 340, 341 (613 SE2d 639) (2005) ("the State is not restricted at trial to proving that an offense occurred on the date alleged in the

7

indictment when the indictment does not specifically allege that the date of the offense is material") (footnote omitted). Accord *Alexander v. State*, 274 Ga. 787, 789 (1) (b) (561 SE2d 64) (2002). This rule applies in prosecutions for multiple sexual assaults against child victims despite the impracticality of treating the dates specified in indictments as material averments. *State v. McCrary*, 259 Ga. 830 (2) (b) (388 SE2d 682) (1990). And "the mere fact that a different date is charged in each count" will not "of itself make the indictment into a special one where the averment as to date is not particularized." *Miller v. State*, 141 Ga. App. 382, 383 (1) (233 SE2d 460) (1977).

Here, the State charged Daniels with the identical conduct in each pair of counts without identifying specific particularized incidents. The date ranges alleged in each count were not made material allegations of the indictment, and they were described as being "on or about" a certain set of dates with "the exact dates being unknown." More importantly, the trial court charged the jury that the dates alleged were not material averments. Thus, as instructed, the jury was authorized to find the defendant guilty for actions falling outside of the date ranges given in the indictment, thereby blurring the distinction between the counts alleging crimes before July 1, 2006, and those alleging crimes on or after that date.

The cases upon which the State relies are distinguishable because there is no indication that the trial court in those cases charged the jury that the dates in the indictments were not material averments of the crimes. See, e.g., *Salley v. State*, 199 Ga. App. 358, 362 (4) (405 SE2d 260) (1991) ("[T]he averments of each count refer to a different period of time hence same is made an essential averment of the transaction, and each count of the indictment is distinguishable") (citation and punctuation omitted); *Hamilton v. State*, 167 Ga. App. 370, 371 (306 SE2d 673 ) (1983) (although offenses charged involved the same conduct, they were for different periods of time).

Accordingly, Daniels may not be convicted on both counts of each pair, and the trial court erred by failing to merge for sentencing Counts 1 and 2, Counts 3 and 4, Counts 6 and 7, Counts 8 and 9, and Counts 12 and 13.

2. With regard to Counts 6 and 7, Counts 8 and 9, and Counts 12 and 13, Daniels contends the rule of lenity dictates that he be sentenced under the pre-July 1, 2006 version of the applicable statutes. We agree.

In each pair of Counts 6 and 7 and 8 and 9, Daniels was charged with and convicted of aggravated child molestation for the identical specified act of sexual misconduct occurring before and after July 1, 2006, respectively. In Counts 12 and 13, Daniels was charged with and convicted of incest for the identical specified act of

sexual misconduct occurring before and after July 1, 2006, respectively. As already shown, the legislature increased the punishment for both crimes effective July 1, 2006. Supra, n. 2.

> This Court recently stated the rule of lenity as follows:

> The rule of lenity applies where two or more statutes prohibit the same conduct while differing only "with respect to their prescribed punishments." *Dixon v. State*, 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004). According to the rule, "[w]here any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered." (Punctuation and footnote omitted.) *Brown v. State*, 276 Ga. 606, 608-609 (2) (581 SE2d 35) (2003).

(Punctuation and footnote omitted.) *White v. State*, __ Ga. App. __ (2) (737 SE2d 324) (2013). Here, as we have held above, because the jury was instructed that the dates were not material averments, it may have found Daniels guilty on both counts of each pair based on events occurring prior to July 1, 2006. Daniels, therefore, cannot be given the higher sentence imposed by the version of the law applicable thereafter.

3. Daniels's sentence is vacated and the case remanded for re-sentencing. Because our decision addresses each of Daniels's arguments regarding sentencing, his claim of ineffective assistance of counsel regarding those same arguments is moot.

*Judgment affirmed and case remanded with direction. Miller, P. J., and Ray, J., concur.*

10