**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 29, 2019**

# In the Court of Appeals of Georgia

A19A1195. THOMAS v. THE STATE.

RICKMAN, Judge.

Cory Alexander Thomas was convicted on two counts of possession of a firearm by a first offender probationer; he was acquitted of several other crimes. The court sentenced Thomas to five years on both counts, to run consecutively. Following the denial of his motions for new trial and to modify his sentence, he appeals, alleging three errors that all turn on whether the trial court was required to merge the two sentences. For the reasons that follow, we affirm but remand with direction.

The record shows that in Counts 5 and 7, the State charged Thomas with two instances of the same crime using identical language except for the date. In Count 5, Thomas was charged with

the offense of **POSSESSION OF FIREARM BY FIRST OFFENDER PROBATIONER** in violation of O.C.G.A. 16-11-131(b) for the said accused person, in the County of DeKalb and State of Georgia, **on or about the 3rd day of March, 2016**, did knowingly and without lawful authority, possess a handgun, a firearm; while on probation as a felony first offender on Indictment Number 14CR1792, in the Superior Court of DeKalb County on October 09, 2014, for the offense of Theft by Taking.

(Emphasis in original.) In Count 7, Thomas was charged with the identical language and emphasis, with the only change being that the date was alleged as "**on or about the 5th day of March, 2016**." (Emphasis in original).

At trial, Thomas, a drug dealer, testified that on March 3, 2016, he drove to an apartment complex to meet a woman and sell her some drugs. Thomas had a loaded weapon in his possession at the time, although he knew that, as a probationer, such possession would violate his probation. Upon arrival, the woman asked Thomas to come to an apartment, and, while he waited at the door, the woman went inside. Thomas then heard fighting, so he entered the apartment, saw a man beating the woman, and attempted to break up the fight by striking the man with his gun. When the man pulled out what appeared to be a weapon, Thomas fired his gun at the man multiple times and fled. The shell casings recovered from the scene showed that

2

Thomas fired a .38 caliber weapon. Later that day, Thomas traded the gun for a second gun, a revolver, and he placed that weapon in the middle console of his vehicle. Thomas was arrested on March 5, 2016, and officers found a loaded, .32 caliber firearm in the middle console of his vehicle.

During its deliberations, the jury sent a note to the court, which the court described as follows:

> "Please confirm this is correct: Charge 5, possession of firearm by F.O.P. due to handgun." Handgun is underlined. "Charge 7, possession of firearm by F.O.P. due to revolver." Revolver is underlined.

When asked to clarify the question, the jury responded, "What is the difference between charge 5 and 7?" The court eventually replied to the jury, "the dates of the alleged offenses." Thomas's counsel did not object. The court did not otherwise charge the jury regarding whether the date in the relevant counts was a material allegation.

Thomas was convicted on both Counts 5 and 7; he later filed a motion to modify his sentence and a motion to file an out of time appeal. The court granted the motion for out of time appeal, as well as a second such motion, following which

Thomas moved for a new trial. Following a hearing on the motions to modify sentence and for new trial, the trial court denied both motions.

With regard to the merger issue, the trial court held that "because each count referred to a different period of time, the date was made an essential averment of the count which rendered each count of the indictment distinguishable." The court added that each count alleged a specific date, that the dates did not overlap, and that "each count was supported by specific distinguishable and independent evidence at trial." Accordingly, the court held that merger of the two convictions was not required.

1. In his first enumeration, Thomas contends the trial court erred by not merging the convictions on Counts 5 and 7. We agree.

(a) It is a long-standing principle of Georgia law that a date or range of dates alleged in an indictment, without more, is not a material allegation of the indictment, and, consequently, unless the indictment specifically states that the alleged dates are material, the State may prove that the alleged crime was committed on any date within the statute of limitations. See *Bradford v. State*, 285 Ga. 1, 4 (3) (673 SE2d 201) (2009); *Ledesma v. State*, 251 Ga. 885, 885 (1) (a) (311 SE2d 427) (1984); *Jackson v. State*, 64 Ga. 344, 347 (1) (1879). Thus, "such an averment [of materiality] is necessary to overcome a plea of double jeopardy to a subsequent charge of

4

committing the same act on a separate date." *Williams v. State*, 202 Ga. App. 494, 495 (2) (414 SE2d 716) (1992); see also *Price v. State*, 247 Ga. 58, 59, n.1 (273 SE2d 854) (1981).

To make such dates a material allegation, the indictment must "specifically allege" that the date of the offense is material. See *Ledesma*, 251 Ga. at 885 (1) (a); see also *Bloodworth v. State*, 128 Ga. App. 657, 657 (1) (197 SE2d 423) (1973) (Where it was alleged in each of three counts for selling heroin on different days in different transactions that "the date herein alleged being a material averment as to this count," defendant could be punished for each offense.) *Martin v. State*, 73 Ga. App. 573, 576-577 (3) (37 SE2d 411) (1946) (If Count 1 had failed to allege as follows: "the date herein alleged being an essential averment as to this transaction," the count would have charged a general offense and the State could have proved the offense occurred on any or all dates within the statute of limitations.). Thus, "the mere fact that a different date is charged in each count" will not "of itself make the indictment

into a special one where the averment as to date is not particularized."[1] *Miller v. State*, 141 Ga. App. 382, 383 (1) (233 SE2d 460) (1977).

Accordingly, numerous cases hold that "[i]f the counts in the indictment are identical except for the dates alleged, and the dates were not made essential averments, only one conviction can stand." *Jones v. State*, 333 Ga. App. 796, 800 (2) (777 SE2d 480) (2015) ("dates alleged in Counts 5 and 6 were not made material averments of the indictment, and therefore [defendant] may be sentenced on only one of the two counts.").[2]

---

[1] In this context, particularization refers to adding facts other than the date to the allegations such that each count is distinguished from the other. Cf. *Daniels v. State*, 320 Ga. App. at 343 (2) ("[T]he State charged Daniels with the identical conduct in each pair of counts [alleging different dates but] without identifying specific particularized incidents."); *Goldsmith v. State*, 148 Ga. App. 786, 790 (13) (252 SE2d 657) (1979) ("In this case the date of the presentation of the various prescriptions is not the only method of particularizing each specific act of unlawful conduct. In this case each count of the indictment was based on a separate and specific [transaction] which served to set each count apart and identify it as separate from the other three.").

[2] See, e.g., *Hunt v. State*, 336 Ga. App. 821, 825 (1) (b) (783 SE2d 456) (2016) (matching counts in which defendant was charged with committing the same crime in each of two ranges of dates had to be merged even though the second count in the pair stated that the crime occurred on an "occasion different" or "on a different date" than the first occurrence); *LaPan v. State*, 167 Ga. App. 250, 253 (4) (305 SE2d 858) (1983) ("The trial court erred in imposing separate sentences for each of the three convictions of rape. The three charges differed from one another only with respect to the averment of date, and in none of the three was the date made an essential

This law is applicable to this case. Counts 5 and 7 are identical except for the date, which was not alleged to be material. Nothing in the two charges particularizes the two dates, such as by alleging that the guns or locations were different on each occasion, or that the guns were found in different places. Thus the State was authorized to prove either count based on any incident occurring within the statute of limitations. And nothing in the court's jury instructions informed the jury that the dates should be treated as material.[3] Moreover, the day of each crime was alleged as being "on or about" the specified dates, which were only two days apart. And the court's answer to the jury's question that the difference between the two counts was simply "the dates of the alleged offenses" says nothing more than the indictments themselves; the answer also fails to instruct the jury to ignore the "on or about" language and require proof of the crimes on the specific dates alleged. Thus, based on the indictments as alleged and the jury instructions, the jury could have found

element.") (physical precedent only, but followed in *State v. McCrary*, 259 Ga. 830, 830 (1) (388 SE2d 682) (1990)); *Smith v. State*, 160 Ga. App. 26, 29 (4) (285 SE2d 749) (1981) (where "the counts in the accusation are identical except for the dates alleged," and the dates "were not made essential averments, only one conviction can stand") (citation omitted); *Miller*, 141 Ga. App. at 383 (1).

[3] Jury charges are often used to instruct the jury that such dates are not material. See, e.g., *Daniels v. State*, 320 Ga. App. 340, 342 (2) (739 SE2d 773) (2013) (court charged the jury that the dates were not material averments).

Thomas guilty of both Counts 5 and 7 based on the facts related to either incident alone. Accordingly, we conclude that the trial court erred by not merging Counts 5 and 7. See *LaPan v. State*, 167 Ga. App. 250, 253 (4) (305 SE2d 858) (1983).

(b) Unfortunately, there is a line of contrary authority, upon which the trial court relied, but that authority is based on an error of law. In 1983, this Court held: "The averments of each count refer to a different period of time *hence same is made an essential averment of the transaction*, and each count of the indictment is distinguishable." (Emphasis supplied.) *Hamilton v. State*, 167 Ga. App. 370, 371 (306 SE2d 673) (1983). Thus, in *Hamilton*, the Court changed the law by allowing allegations of different dates in different counts to qualify as material averments without requiring language to that effect. Inexplicably, *Hamilton* purported to rely on two cases that stand for the correct law.

In the first case, the defendant was convicted on twelve counts of cruelty to animals and three counts of violating a business license ordinance. See *Smith v. State*, 160 Ga. App. 26, 26 (285 SE2d 749) (1981). The Court required merger of the three business license counts because "the counts in the accusation are identical except for the dates alleged," which "were not made essential averments." Id. at 29 (4). But this Court allowed the twelve separate counts of animal cruelty to stand because each

8

count "depend[ed] on a different set of facts which distinguishe[d] it from the others," id., as follows:

> The accusation identified the animals by species or breed and by location, and distinguished between similarly described animals on the basis of living and dead animals. The misconduct by appellants and the harm caused by that conduct was set out in each count.

Id. at 28 (3).

In the second case, merger of two separate convictions for theft by conversion was not required because each count alleged that a "specified sum of money was taken on a different, specified date." *Garrett v. State*, 147 Ga. App. 666, 667 (2) (250 SE2d 1) (1978). *Garrett* stated the correct rule:

> Where an averment in one count of an accusation or indictment distinguishes it from all other counts, either by alleging a different set of facts or a different date *which is made an essential averment of the transaction*, the State may on conviction punish the defendant for the various crimes . . .

(Citation and punctuation omitted, emphasis supplied.) Id.

The error in *Hamilton* was compounded when this Court allowed separate convictions and sentences based on two counts of child molestation for fondling the breast of the same 11-year-old victim on different dates. See *Salley v. State*, 199 Ga.

App. 358, 362 (4) (405 SE2d 260) (1991). The Court simply quoted the erroneous proposition of law in *Hamilton*, and provided a comparison citation for *LaPan*, 167 Ga. App. 250, which stands for the correct law. This Court subsequently relied on Salley's erroneous statement of law and allowed a defendant to be convicted and sentenced on three counts of sex trafficking on different dates because "when the averments of each count refer to a different period of time, each period of time is made an essential averment of the transaction." (Footnote and punctuation omitted.) *Byrd v. State*, 344 Ga. App. 780, 788 (3) (811 SE2d 85) (2018).

Previous attempts to explain *Hamilton* and *Salley* are not persuasive.[4] Accordingly, *Hamilton*, *Salley*, and *Byrd*, as well as *Williams v. State*, 130 Ga. App. 418 (1) (203 SE2d 627) (1973),[5] are overruled to the extent they hold that allegations

---

[4] See *Daniels*, 320 Ga. App. at 343-344 (2) (distinguishing *Salley* and *Hamilton* on the ground that there was "no indication that the trial court in those cases charged the jury that the dates in the indictments were not material averments of the crimes."); *Jones*, 333 Ga. App. at 800 (2) (same). As shown herein, without more, a date or range of dates alleged in an indictment is not a material allegation of the indictment. See *Ledesma*, 251 Ga. at 885 (1) (a). A jury charge that the dates are not material is not required to make it so. Cf. *Gordon v. State*, 327 Ga. App. 774, 778 (3), n.2 (761 SE2d 169) (2014) (suggesting that dates in an indictment that are immaterial, remain so in the absence of a jury charge that dates in an indictment are material).

[5] See *Miller*, 141 Ga. App. at 383 (1) ("*Williams v. State*, 130 Ga. App. 418 (1) (203 SE2d 627), is not to be read as a holding that the mere fact that a different date is charged in each count will of itself make the indictment into a special one where

10

of separate/different dates or ranges of dates, without more, causes those dates to be considered material or essential averments of an indictment.[6]

2. Thomas's remaining enumerations of error are related to the same issue and, therefore, are moot.

For the above reasons, the case is remanded solely for the purpose of vacating one of the sentences of possession of a firearm by a first offender probationer. See *LaPan*, 167 Ga. App. at 253 (4).[7]

*Judgment of conviction affirmed, and case remanded with direction. Miller, P. J., and Reese, J., concur.*

---

the averment as to date is not particularized.").

[6]Although this Court cited *Salley* in *Simmons v. State*, 271 Ga. App. 330, 332 (2) (609 SE2d 678) (2005), that case appears to be distinguishable because there, each count of the indictment "was supported by a different set of facts."

[7] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of overruling *Hamilton v. State,* 167 Ga. App. 370 (306 SE2d 673) (1983); *Salley v. State,* 199 Ga. App. 358 (405 SE2d 260) (1991); *Byrd v. State,* 344 Ga. App. 780 (811 SE2d 85) (2018); and *Williams v. State,* 130 Ga. App. 418 (203 SE2d 627) (1973).