## 43407. SWANN v. THE STATE.
### (347 SE2d 555)

CLARKE, Presiding Justice.

Swann shot his stepson in the course of an argument. Several eye-witnesses were present and saw him shoot the victim in the chest and in the buttocks as the victim attempted to flee. Swann was convicted of murder and possession of a firearm in the commission of a crime (OCGA § 16-11-106) and sentenced to life imprisonment and sentenced to a term of years.[1] He appeals, enumerating as error only that the court did not conduct an in camera inspection of the district attorney's files following his Brady motion. We affirm.

1. The evidence is sufficient so that any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant argues that the court erred in not requiring that the state present for inspection its entire file following his Brady motion and in not conducting an in camera inspection of the state's file prior to trial. Appellant's Brady motion contained a request for an in camera inspection. However, he did not file a separate request for in camera inspection. The court directed the state to turn over any exculpatory material to appellant and to notify the court of the existence of any statements contradictory to any statement revealed on the stand. Appellant contends that the Brady procedure which this court set out in *Wilson v. State*, 246 Ga. 62 (268 SE2d 895) (1980), was not followed. In *Wilson* the defendant made a motion for an in camera inspection and requested that the file be sealed after inspection for appellate review. Appellant here insists that *Wilson* requires that the state inventory the file, submit the inventory to the court which then conducts its examination and seals the file for review. However, in *Tribble v. State*, 248 Ga. 274 (280 SE2d 352) (1981), we specifically held that the court has no duty to make an in camera inspection until the defendant has requested such an inspection following the state's response to the Brady motion. The inventorying of the file, examination by the court, and sealing of the file for appellate review all occur only after a renewed motion by defendant. There is no record of a renewed request for in camera inspection here. Accordingly, the court's failure to provide one was not error.

Appellant complains that there are two pages missing from the transcript of one of the witnesses' statements furnished by the state.

---

[1] The crime occurred August 31, 1985. The indictment was filed September 27, 1985. Appellant was convicted and sentenced December 18, 1985. A motion for new trial was filed January 7, 1986, and denied February 27, 1986. The transcript was certified January 11, 1986. The case was docketed in this court April 17, 1986, and submitted for decision May 30, 1986.

However, he had ample opportunity to interview this witness prior to and after the trial and does not indicate in what way the missing pages might contain exculpatory material. He has not satisfied his burden of showing how the material is exculpatory. *Williams v. State,* 251 Ga. 749 (312 SE2d 40) (1983). At the beginning of the trial the court conducted an inquiry into the state's response to appellant's Brady motion. Appellant made no objection to the material furnished and did not request any amplification of it.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 3, 1986.

*Harold N. Wollstein,* for appellant.

*Stephen F. Lanier,* District Attorney, *Michael J. Bowers,* Attorney General, *Dennis R. Dunn,* Assistant Attorney General, for appellee.