## A89A0386. REESE v. THE STATE.
(383 SE2d 149)

BENHAM, Judge.

Appellant was convicted of possession with intent to distribute cocaine. On appeal, he challenges the sufficiency of the evidence and a ruling by the trial court. We find no error and affirm the judgment.

1. Appellant contends that in this case based on circumstantial evidence, the State failed to prove his guilt to the exclusion of all other theories consistent with his innocence. The evidence adduced at trial was as follows: A detective received information from a confidential informant that cocaine and marijuana were being cut up and repackaged for resale at Charlie Hadden's residence, and that Frank Paulk, Gloria Fullmore, and Hadden, a known drug dealer, were there. When the detectives arrived at the scene to investigate, all that was found was residue on the dining room table. The same informant called the officer a second time later that day and said that all of the participants were at Fullmore's residence with the contraband. The detective and two other law enforcement officers went to Fullmore's residence and saw her and an unknown man, later identified as appellant, sitting on the front porch. When the officers rode by, Ms. Fullmore jumped up, appellant said something to her, and she sat back down and waved at the officers. The officers left and, shortly thereafter, the detective received a third telephone call from the informant, who stated that a person carrying two bags had run out the back door of the Fullmore house as the officers drove by and had placed the two bags at the corner of the church behind Fullmore's residence. The detectives parked in the church yard and walked to the rear corner of the church, where they found a brown paper bag that appeared to have been recently placed there. The bag contained cocaine wrapped in aluminum foil.

A fingerprint examiner for the State Crime Lab testified that several fingerprints that matched appellant's prints were found on pieces

of the aluminum foil containing cocaine found in the bag, and that a white powdery substance, cocaine, was visible on three of the prints developed on the foil.

Appellant testified that Fullmore was a close friend of his whom he visited two or three times a week, and that he often brought her hot meals covered in aluminum foil. He further testified that on the day in question, he passed by Fullmore's house, recognized Paulk's and Hadden's vehicles parked in front of it, and stopped by to see what was going on; that Fullmore came out of the house and sat outside talking with him; that they went into the house after the detectives drove by; and that when he entered the kitchen, he saw Paulk and Hadden going out the back door. Appellant said that he had never seen cocaine before the day of his trial and didn't know anything about those drugs until they were mentioned to him, and that he had no idea how his fingerprints got on the foil packets of cocaine.

" 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' . . . 'This does not mean that the (S)tate must exclude every possible hypothesis showing innocence, but any reasonable hypothesis showing innocence.' [Cit.] Where the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the jury. '(T)his court will not substitute its judgment as to what is a reasonable hypothesis for that of the jury or the trial court.' [Cit.] Neither is the jury obliged to accept defendant's explanation of circumstantial facts. [Cit.]" *Henderson v. State*, 184 Ga. App. 834 (2) (363 SE2d 52) (1987). We find that the evidence is sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of violating the Georgia Controlled Substances Act. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Henderson*, supra.

2. While cross-examining a detective involved in the case, appellant's attorney asked him whether May 6 was the date on which he had made a case against appellant. The detective responded that he did not know what the exact date was, and the State's attorney offered a copy of the detective's report to refresh his memory. The detective refreshed his memory as to the date, and the questioning continued. Later in the examination, the witness referred to his notes again, attempting to answer another question about the specific date of another occurrence. Appellant's attorney moved the trial court for the opportunity to review the detective's entire file. The trial judge denied the motion, saying that he observed the detective looking at the top page of the report to see the date about which counsel inquired; that he did not review the file for the purpose of refreshing

his memory; and that he did thumb through a number of pages looking for the letter regarding the sending of fingerprints to the crime lab in an attempt to answer appellant's attorney's question about the second date. " '[A] defendant in a criminal case has the right upon request, to examine a document used by a witness to refresh his recollection. [Cits.]' " *Catchings v. State*, 256 Ga. 241 (9) (347 SE2d 572) (1986). There is no evidence that the witness was using his file during the trial to refresh his recollection. Therefore, appellant had no right to examine the file, as he sought to do. Id.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MAY 22, 1989 —
REHEARING DENIED JUNE 19, 1989 — 

*Hackel & Hackel, Thomas M. Hackel*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.