A90A1712. SALLEY v. THE STATE.
(405 SE2d 260)

BEASLEY, Judge.

Appellant was convicted of three counts of child molestation. Count 1 alleged that on January 1, 1986, appellant fondled the pubic area of Shanda Johnson, under age 14. Count 2 alleged that during November 1985, appellant fondled the breast of Jennifer Davis, also under 14 years of age. Count 3 alleged that during February 1986, appellant again fondled the breast of Jennifer Davis.

1. Appellant argues that the trial court erred in denying his motions for directed verdicts of acquittal on general evidentiary grounds and on the specific ground that the State did not establish venue of the offense involving Shanda Johnson in Upson County.

Jennifer Davis testified that during the Thanksgiving holiday in 1985, appellant, who was the choir director of a church in Upson County, approached her while they were alone in the church kitchen. He put his arms around her, fondled her breast, pulled her close to him, and told her she was pretty. She pushed him aside and ran away.

At a Valentine's Day party at the church in 1986, appellant again approached her while they were alone. He kissed her and again fondled her breast, telling her afterward she should not tell anyone. She became depressed and tried to kill herself by taking an overdose of pills. Eventually, she told her minister what had occurred and, at his urging, she told her parents.

Shanda Johnson testified that she also knew appellant through the church. She was spending the night at his home on New Year's Eve on January 1, 1986, so as to babysit for appellant's children the next day. As she was going to sleep in the living room, he approached her and put his hand down her underwear touching her pubic area. She fled to the bathroom where she remained until dawn.

The evidence was sufficient to authorize a rational trier of fact in finding appellant guilty of the offenses beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As to venue, slight evidence, either direct or circumstantial, is sufficient where there is no conflicting evidence. *Patterson v. State*, 157 Ga. App. 233 (276 SE2d 900) (1981). In this case, it amounted to uncontradicted evidence that the Upson County law enforcement and family services authorities conducted the investigation, as to the alleged molestation of Shanda Johnson at defendant's home.

2. Appellant argues that the trial court erred in denying his pretrial motion for the disclosure of records of counseling and therapy sessions between Jennifer Davis and State's witness Cheryl Cole. He also complains of the trial court's refusal to allow him to examine these records during the course of the trial, on the ground that witness Cole had used the records to refresh her recollection.

(a) At the commencement of the trial, defense counsel argued that these records should be disclosed under *Bobo v. State*, 256 Ga. 357 (349 SE2d 690) (1986), and "[a]t the very least, I think that a review of that file by the Court, under . . . our *Brady* motion would be in order." The trial judge asked whether this witness was a psychologist or psychiatrist, and neither defense counsel nor the prosecuting attorney could give a definite answer to this question. The trial judge ruled, "If she's nothing but just a lay witness, I don't see how you can search out her work product or whatever she might have. If she gets on the stand and refers to notes, you've got a right to see what she's testifying from. . . ."

At trial, Cole testified that she works as a "psychotherapist [and is] a master level psychologist." In that capacity, she counsels children who have been physically or sexually abused, and she began counseling Jennifer in March of 1989. On cross-examination, defense counsel asked this witness how many times she had met with Jennifer, and she responded that they had been having regularly scheduled sessions every two weeks since March. In order to answer cross-examination about the exact number of times she had seen Jennifer, defense counsel suggested that the witness refresh her memory by reviewing her case file which she had brought with her. After counting the number of dates appearing in her file, the witness testified that she had see Jennifer 23 times, whereupon defense counsel sought to examine the file. The prosecuting attorney objected on the ground that the contents of the file were confidential. The trial judge sustained this objection, noting that the witness had only counted the number of therapy sessions between her and Jennifer, and she had not otherwise reviewed the contents of the file. Appellant concedes that the records of witness Cole's counseling and therapy sessions with Jennifer constitute confidential medical records.

Where, during the course of a trial or hearing, a witness in a criminal case examines a document in order to refresh the witness'

recollection, the defendant has the right to examine the document. *Johnson v. State*, 259 Ga. 403 (383 SE2d 118) (1989). However, this case is akin to *Reese v. State*, 191 Ga. App. 887, 888 (2) (383 SE2d 149) (1989), where a detective testifying in a criminal trial examined portions of his report in order to testify as to the specific dates on which certain events had occurred. Defense counsel was not thereby entitled to examine the witness' entire file. The same applies here. The witness was not using the file to refresh her recollection or memory of the precise total number of times she had met with the victim; she was simply ascertaining that number.

Moreover, since the examination sought was based only on the witness' use of the file to establish an incidental fact, any error in denying the examination would be harmless. That is, it was of little consequence whether the number of bi-weekly meetings between March and the time of trial was 23 or more or less. Had counsel's count differed upon review of the file, defendant would not have been aided.

(b) State's witness Cole testified on cross-examination that Jennifer had told her she had attempted to commit suicide by taking an overdose of sinus medication and "[s]he indicated that it had occurred very recently before seeing me, within the last very few months. . . . [I]t was my understanding that she said that it was very recently." The witness also acknowledged that Jennifer had told her she had recently been involved in a relationship with a young man. Defense counsel argued that the young man's ending the relationship is what caused Jennifer to attempt suicide. The witness testified that Jennifer had not made such statements to her.

Jennifer had previously testified on cross-examination that she had been dating this young man, that he had unbuttoned her shirt while they were on a date, and that she had buttoned it back without further incident. She further testified that they did break up and that she tried to kill herself because of this by running a razor blade across her wrist one time, but the razor blade did not cut her. She testified that the first suicide attempt followed the incidents with appellant and occurred several years prior to trial, and the more recent suicide attempt followed her involvement with the young man. Cole testified that it was her understanding that the suicide attempt relating to appellant's molestation of the victim was the more recent attempt.

*Sosebee v. State*, 190 Ga. App. 746, 748 (3) (380 SE2d 464) (1989), holds that although the defendant in a child-molestation case cannot compel a child-witness to submit to a pre-trial interview, the defendant is entitled, upon request, to have the trial court conduct an in-camera inspection of the child's medical records in order to determine if there are any portions which constitute material information that should be released to the defense.

The trial judge denied the appellant's pre-trial motion for an in-camera inspection of witness Cole's records of counseling sessions with the victim because of the appellant's uncertainty as to whether witness Cole would be testifying as an expert witness. When she was called to testify, appellant did not renew his motion. Consequently, the trial court did not err in failing to conduct the in-camera inspection. See *Swann v. State*, 256 Ga. 254 (2) (347 SE2d 555) (1986); *Holmes v. State*, 187 Ga. App. 214 (369 SE2d 533) (1988).

*Bobo v. State*, supra, is a plurality opinion holding that the statutory psychiatrist-patient evidentiary privilege must yield to a criminal defendant's constitutional right of confrontation, upon "a showing of necessity, that is, that the evidence in question is critical to his defense and that substantially similar evidence is otherwise unavailable to him." Id. at 360 (4).

The inconsistency between Jennifer's statement concerning the date of the attempted suicide relating to appellant's molestation of her and witness Cole's understanding of that date was presented to the jury through the testimony of both witnesses. The evidence sought by appellant was not "critical," within the meaning of *Bobo*.

3. Appellant argues that the trial court erred in denying his motion to sever Counts 2 and 3 of the indictment (11-year-old victim Jennifer Davis, November 1985 and February 1986, church relationship) from Count 1 (12-year-old victim Shanda Johnson, January 1986, church relationship).

Two or more offenses may be tried together when the offenses: "(a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. . . ." *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975) (citing and adopting ABA Standards on Joinder of Offenses). "Whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses." Id. In other circumstances, "[t]he decision to grant a severance rests within the sound discretion of the trial judge, who may balance the interests of the state and the accused by considering such factors as whether the same evidence would be necessary and admissible in each count, and whether the joining of counts in one trial might confuse the jury. *Clemson v. State*, 239 Ga. 357, 360 (1) (236 SE2d 663); *Jarrell v. State*, 234 Ga. 410, 412 (1) (216 SE2d 258)." *Gilbert v. State*, 163 Ga. App. 688, 690 (3) (295 SE2d 173) (1982); see also *Childs v. State*, 177 Ga. App. 257 (1) (339 SE2d 311) (1985) (condoning a liberal approach to the admission of evidence of independent crimes in cases concerning sexual abuse of children).

What was true in *Jordan v. State*, 172 Ga. App. 496 (1) (323

SE2d 657) (1984), is true here: "[t]he crimes of which the appellant was accused fit the criteria for joint trial," leaving the question of severance to the discretion of the trial judge. We find no abuse in the denial of appellant's motion for severance.

4. Appellant argues that the trial court erred in imposing sentence on both Counts 2 and 3 (Jennifer Davis) of the indictment, because the offenses charged in these counts differed only as to the dates of the offenses and the dates were not alleged as essential averments.

Counts 2 and 3 charged appellant with having committed separate acts of child molestation upon the same victim on different dates in different years. "Where an averment in one count of an accusation or indictment distinguishes it from all other counts, either by alleging a different set of facts *or* a different date which is made an essential averment of the transaction, the State may on conviction punish the defendant for the various crimes. . . ." (Emphasis supplied.) *Wiley v. State*, 124 Ga. App. 654, 656 (185 SE2d 582) (1971). In this case, as in *Hamilton v. State*, 167 Ga. App. 370, 371 (306 SE2d 673) (1983), "[t]he averments of each count refer to a different period of time hence same is made an essential averment of the transaction, and each count of the indictment is distinguishable." Compare *Lapan v. State*, 167 Ga. App. 250, 253 (4) (305 SE2d 858) (1983) and cits.

5. Appellant argues that the trial court erred in restricting his cross-examination of State's witness Cole.

Appellant sought to ask witness Cole hypothetical questions in regard to whether a child who had been sexually molested might attempt to commit suicide because of a broken "serious" relationship with a young man. The state objected on grounds that the term "serious" is subject to varying connotations, see *Smith v. State*, 259 Ga. 135, 136 (1) (377 SE2d 158) (1989), and there was no evidence that the victim had a "serious" relationship. The trial court sustained this objection on grounds that appellant was assuming facts not in evidence; therefore, a proper foundation for this hypothetical question had not been laid. See generally *Bowers v. State*, 153 Ga. App. 894 (1) (267 SE2d 309) (1980).

Appellant stated he had a witness whose testimony would establish a foundation for this line of questioning, and the trial judge stated he would permit such witness to testify. Appellant asked if he could recall witness Cole after the other witness testified and pose the requested hypothetical question to her. The trial judge responded that he could. Appellant did not thereafter seek to recall Cole. We find no error.

6. Finally, appellant complains of the admission of testimony by state's witness Cole that as far as she could determine, Jennifer Davis and her parents were being truthful. See *State v. Oliver*, 188 Ga. App.

47, 50 (2) (372 SE2d 256) (1988); *Smith v. State*, supra at 138 (2). This testimony was admitted without objection, precluding appellate review of its admissibility. E.g., *Sisson v. State*, 141 Ga. App. 559 (1) (234 SE2d 146) (1977).

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED FEBRUARY 11, 1991 —
REHEARING DENIED MARCH 28, 1991 —

*Bentley C. Adams III*, for appellant.
*W. Fletcher Sams, District Attorney, J. David Fowler, William T. McBroom III, Assistant District Attorneys*, for appellee.