## A10A1199. ANDERSON v. THE STATE.
(702 SE2d 458)

MILLER, Chief Judge.

Following a joint jury trial, Christopher K. Anderson was found guilty of one count of aggravated assault (OCGA § 16-5-21), one count of possession of a firearm during the commission of a felony (OCGA § 16-11-106), and two counts of possession of a firearm by a convicted felon (OCGA § 16-11-131 (b)), Counts 6 and 7, respectively. Anderson's co-defendant, Rafael Kentez Glass, was found guilty of single counts of felony murder (OCGA § 16-5-1), aggravated assault (OCGA § 16-5-21), and possession of a firearm during the commission of a felony (OCGA § 16-11-106). Anderson and his co-defendant were indicted separately and tried in a joint trial on a new indictment. On appeal, Anderson contends that the trial court erred (i) in granting the State's motion to join, and (ii) in failing to merge Counts 6 and 7 and sentencing him consecutively thereon. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that in the late evening of August 16, 2007, Anderson exchanged words with co-defendant Glass and others as he departed a Coweta County pool room, returning shortly thereafter with a gun which he fired at Glass but missed as he ran. Glass, in turn, returned to the tavern early the next morning and fired into a crowd intending to hit Anderson. Instead he killed an innocent bystander.

1. Anderson contends that the trial court erred in granting the State's motion to join defendants. We disagree.

> It is within the discretion of the trial court to try defendants jointly or separately when two or more defendants are indicted for a capital felony in which the state does not seek the death penalty. OCGA § 17-8-4. Absent an abuse of discretion, denial of a motion to sever is not grounds for reversal.

(Punctuation omitted.) *Mapp v. State*, 258 Ga. 273, 274 (3) (368 SE2d 511) (1988).

In order to avoid joinder and obtain a severance, the defendant must do more than raise the possibility that a separate trial would give him a better chance of acquittal. The test is "whether the number of defendants will create confusion during the trial; whether the strength of the evidence against one defendant will engulf the others with a 'spillover' effect; and whether the defendants' claims are antagonistic to each other's rights." (Citation omitted.) *Overton v. State*, 295 Ga. App. 223, 236 (4) (671 SE2d 507) (2008).

Anderson's burden was to establish prejudice sufficient to dem-

onstrate a denial of due process. *Barnett v. State*, 204 Ga. App. 491, 495 (2) (b) (420 SE2d 43) (1992). This he failed to do. By his appellate brief, Anderson concedes that no issue of confusion resulting from a joint trial presents itself in this case. Anderson and his co-defendant were not indicted for mutually committed offenses. Thus, we conclude that no fair potential for spillover effect has been demonstrated. *Saleem v. State*, 169 Ga. App. 952, 954 (2) (315 SE2d 487) (1984); compare *Price v. State*, 155 Ga. App. 844, 846 (1) (273 SE2d 225) (1980). Nor do we find that Anderson's defense was antagonistic to Glass' rights. Anderson's defense was simply that he did not shoot at Glass and did not have a gun, and at the trial court's hearing on his motion for new trial, through counsel, he admitted that his defense was not legally antagonistic to that of Glass. Accordingly, the trial court did not err in granting the State's motion for joinder.

2. Anderson also claims that the trial court erred in failing to merge Counts 6 and 7 and sentencing him consecutively as to Counts 6 and 7. We disagree.

Counts 6 and 7 charged Anderson with the possession of a firearm by a convicted felon for separate and distinct acts. Consequently, the trial court did not err in refusing to merge such offenses. *Vest v. State*, 211 Ga. App. 882, 883-884 (2) (440 SE2d 765) (1994) (indictment for offenses "based on separate and distinct acts . . . do not merge") (citations and punctuation omitted). And when, as here, an indictment alleges that the commission date is a material averment for what is otherwise the same charge, separate consecutive sentences may be imposed. *Williams v. State*, 202 Ga. App. 494, 496 (2) (414 SE2d 716) (1992); see also *Salley v. State*, 199 Ga. App. 358, 362 (4) (405 SE2d 260) (1991) ("Where an averment in one count of an accusation or indictment distinguishes it from all other counts, either by alleging a different set of facts or a different date which is made an essential averment of the transaction, the State may on conviction punish the defendant for the various crimes.") (citation, punctuation and emphasis omitted). Given the foregoing, the trial court did not err in refusing to merge Counts 6 and 7 and in sentencing Anderson consecutively thereon.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 13, 2010.

*Drummond & Swindle, Jason W. Swindle*, for appellant.

*Peter J. Skandalakis, District Attorney, Kevin T. McMurry, Assistant District Attorney*, for appellee.