A10A1949. JOHNSON v. THE STATE.
(705 SE2d 303)

MILLER, Chief Judge.

Following a jury trial, Kenneth Johnson was convicted of criminal damage to property in the second degree, OCGA § 16-7-23 (a) (1); possession of a knife during the commission of a crime, OCGA § 16-11-106 (b) (2); carrying a concealed weapon, OCGA § 16-11-126 (a); and misdemeanor obstruction of a law enforcement officer, OCGA § 16-10-24 (a). In *Johnson v. State*, 302 Ga. App. 318, 320-321 (1) (b) (690 SE2d 683) (2010), we reversed Johnson's conviction for possession of a knife during the commission of a crime. We affirmed his convictions for criminal damage to property in the second degree, carrying a concealed weapon, and misdemeanor obstruction, and remanded the case for resentencing. Id. at 320 (1)-322 (2) (b). Johnson contends on appeal that the trial court's resentencing was unlawful because it gave rise to harsher punishment. We disagree because the trial court did not impose a more severe sentence on resentencing.

Due process prohibits "the imposition of a more severe sentence as a result of vindictiveness against a defendant for successfully attacking his conviction." (Citations omitted.) *Alvarado v. State*, 248 Ga. App. 810, 811 (1) (547 SE2d 616) (2001). See *North Carolina v. Pearce*, 395 U. S. 711, 725 (II) (C) (89 SC 2072, 23 LE2d 656) (1969). Vindictiveness is presumed if the trial court imposes a harsher punishment on resentencing, "which [presumption] may be overcome only by objective information in the record justifying the increased sentence." (Citation and punctuation omitted.) *Wasman v. United States*, 468 U. S. 559, 565 (II) (A) (104 SC 3217, 82 LE2d 424) (1984). Accordingly, the threshold issue is whether Johnson received a harsher punishment on resentencing.

The record shows that the trial court originally sentenced Johnson to an aggregate of ten years imprisonment. The trial court sentenced Johnson to five years incarceration for Count 2, criminal damage to property in the second degree. The trial court sentenced Johnson to five years on Count 3, possession of a knife during the commission of a crime, to be served consecutive to the sentence imposed on Count 2. As to Count 4 and Count 5, the misdemeanor

offenses of carrying a concealed weapon and obstruction, the trial court sentenced Johnson to 12 months incarceration concurrent with Count 3.

On remand, the trial court reimposed the five-year sentence on Count 2, vacated the sentence on Count 3, and sentenced Johnson to 12 months confinement on Count 4 to run consecutive to Count 2. The trial court also sentenced Johnson to 12 months confinement on Count 5 to run consecutive to Count 2 and concurrent with Count 4. This resulted in reducing Johnson's term of confinement from ten years to six years. Johnson nevertheless claims he received an impermissibly harsher sentence because the trial court changed the misdemeanor sentences to require that they be served consecutive to Count 2. We disagree.

Johnson's original misdemeanor sentences were expressly concurrent with the five-year sentence imposed on Count 3, and the sentence in Count 3 was consecutive to the five-year sentence imposed on Count 2. Thus, a sentence served concurrent with Count 3 would necessarily be served consecutive to Count 2.[1] When the trial court resentenced Johnson to serve five years on Count 2 and made the misdemeanor sentences consecutive to Count 2, it did not increase Johnson's sentence, either by count or in the aggregate. Rather, the five-year sentence on Count 2 remained the same and the twelve-month sentences on the misdemeanor convictions were required to be served consecutive to the sentence in Count 2, just as in the original sentence. The trial court did not impose harsher punishment on resentencing, and no presumption of vindictiveness arises therefrom.[2] See *Fair v. State*, 281 Ga. App. 518, 519 (1) (636 SE2d 712) (2006) ("a concurrent sentence may be converted into a consecutive sentence without being considered 'more severe' under *Pearce*") (punctuation omitted); *Alvarado*, supra, 248 Ga. App. at 811 (1) (trial court did not impose a harsher sentence where it converted an "existing sentence from a concurrent sentence into a consecutive one without increasing the length of the sentence"); *Duffey v. State*, 222 Ga. App. 802, 803 (1) (476 SE2d 89) (1996) (same). Compare *Adams v. State*, 287 Ga. 513, 520 (2) (696 SE2d 676)

---

[1] Johnson points out that OCGA § 17-10-10 (a) provides that "sentences shall be served concurrently unless otherwise expressly provided therein." He argues that because his initial sentence did not specify that the misdemeanor sentences ran consecutive to Count 2 that they were to run concurrently therewith. We reject Johnson's argument because it is inconsistent with the terms of the original sentence as "expressly provided." The original sentence required the misdemeanor sentences to be served concurrent with Count 3, not with Count 2.

[2] Johnson does not attempt to show actual vindictiveness on the part of the trial court. See *Texas v. McCullough*, 475 U. S. 134, 138 (II) (106 SC 976, 89 LE2d 104) (1986) ("Where the prophylactic rule of *Pearce* does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing") (citation omitted).

(2010) ("the *Pearce* presumption of vindictiveness is not triggered unless the new sentence, in the aggregate, is more severe"). It follows that the judgment on resentencing must be affirmed.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 20, 2010.

*John G. Edwards*, for appellant.
*Joseph K. Mulholland, District Attorney*, for appellee.