## A11A0669. HUDSON v. THE STATE.
### (711 SE2d 95)

ANDREWS, Judge.

Claude Hudson appeals after a jury found him guilty of aggravated sexual battery and child molestation. Hudson claims that the trial court erred in failing to merge the aggravated sexual battery and child molestation counts at sentencing and also erred in sentencing him to life on the aggravated sexual battery count. We agree with both claims of error and therefore vacate the sentences and remand for resentencing.

The evidence at trial, taken in the light most favorable to the verdict, was that the victim, J. L., who was ten years old at the time of trial, would often go to her great-grandparents' house, where Hudson, J. L.'s great-uncle, was living at the time. After viewing a "good touch bad touch" video at school titled "Break The Silence," J. L. approached the school counselor and told her that her Uncle Claude would take her into a bedroom and undress her and touch her "private" parts. J. L. told the counselor that this happened "multiple times." J. L.'s father testified that when he talked to J. L. about these allegations, she told him that Hudson had touched her numerous times but she did not tell anyone because she was afraid.

J. L. testified at trial that when she went to her great-grandmother's house, her Uncle Claude would take her back to his bedroom, take off all her clothes and put his fingers in her vagina. She said she never told anyone because Hudson told her not to and she was scared.

The State introduced evidence of a previous conviction of Hudson for child molestation involving his daughter, who was seven years old at the time. Hudson told the investigator that he had been drinking that day and while he was lying on the bed "kissing on" his daughter, "he may have accidentally touched her on the vagina."

The jury found Hudson guilty on both counts. The court sentenced him to life on the aggravated sexual battery charge, with 25 years to serve and the remainder probated. The court sentenced him to thirty years on the child molestation charge, with ten years to serve and the remainder probated. Hudson now appeals from those sentences.

1. Although not enumerated as error, the evidence, as set out above, was sufficient for a rational trier of fact to find Hudson guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumeration of error, Hudson contends that the convictions of child molestation and aggravated sexual battery merged as a matter of fact. OCGA § 16-6-22.2 (b) provides: "A person commits the offense of aggravated sexual battery when he or she intentionally

penetrates with a foreign object the sexual organ or anus of another person without the consent of that person." Count 1 of the indictment alleged that Hudson "did intentionally penetrate with a foreign object, to-wit: his finger, the sexual organ of [J. L.] without the consent of said victim in violation of OCGA § 16-6-22.2. . . ."

OCGA § 16-6-4 (a) provides: "A person commits the offense of child molestation when such person: (1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person. . . ." The indictment alleged that Hudson "did perform an immoral and indecent act to [J. L.], a child under 16 years of age, in that said accused did place his finger in and around the vagina of [J. L.] with intent to arouse and satisfy the sexual desires of said accused. . . ."

In *Drinkard v. Walker*, 281 Ga. 211, 214 (636 SE2d 530) (2006), the Supreme Court of Georgia adopted the "required evidence" test, set forth in *Blockburger v. United States*, 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932). Under this test, "the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." (Punctuation omitted.) Id. at 215.

In *Dickerson v. State*, 304 Ga. App. 762 (697 SE2d 874) (2010), a case directly on point, this Court held that "the touching of the child's genital area for purposes of the child molestation conviction was in connection with the penetration required for the aggravated sexual battery conviction, so [the two counts] should have been merged for sentencing." Id. at 766-767. See also *Gunn v. State*, 300 Ga. App. 229, 230-231 (684 SE2d 380) (2009) (sexual battery by touching the victim's genital area merged with child molestation by touching the victim's vagina, and sexual battery by touching the victim's breast merged with child molestation by touching the victim's breast); *Davenport v. State*, 277 Ga. App. 758, 761 (627 SE2d 133) (2006) (conviction for aggravated sexual battery, based on the defendant penetrating the victim's vagina with his finger, merged as a matter of fact with conviction for child molestation, based on the defendant touching the victim's genital area with his hand); *Shamsuddeen v. State*, 255 Ga. App. 326, 327-328 (565 SE2d 544) (2002) (finding that the offenses of aggravated sexual battery and child molestation were required to be merged since the only evidence that the defendant touched the victim's vagina was in connection with his penetration of her vagina). Compare *Aaron v. State*, 275 Ga. App. 269, 270 (620 SE2d 499) (2005) (aggravated sexual battery and child molestation counts did not merge because the aggravated sexual

battery count charged Aaron with "intentionally penetrating with his fingers the sexual organ of the victim," and the child molestation count charged him with "rubbing the victim's female sex organ with his hand") (punctuation omitted); *Childers v. State*, 257 Ga. App. 377, 378 (571 SE2d 420) (2002) (no merger because convictions were supported by separate facts: aggravated sexual battery conviction was supported by evidence that defendant penetrated victim's vagina with his fingers, and child molestation conviction was supported by evidence that defendant also touched victim "down in between her legs").

The State argues that because the victim testified to multiple instances of the same conduct, the sentences could be based on the crimes occurring on separate occasions. This argument is without merit.

"Where an averment in one count of an accusation or indictment distinguishes it from all other counts, either by alleging a different set of facts *or* a different date which is made an essential averment of the transaction, the State may on conviction punish the defendant for the various crimes." *Salley v. State*, 199 Ga. App. 358, 362 (405 SE2d 260) (1991). In *Salley*, "the averments of each count refer[red] to a different period of time[,] hence same is made an essential averment of the transaction, and each count of the indictment is distinguishable." Id.

Here, the two charges were indistinguishable because "all of the averments, including date (which was not made an essential element), victim, and description of defendant's conduct constituting the offense were identical. This lack of particularization permits the imposition of only one sentence." *Hilliard v. State*, 193 Ga. App. 54 (387 SE2d 21) (1989), citing *LaPan v. State*, 167 Ga. App. 250, 253 (4) (305 SE2d 858) (1983). In *LaPan*, this Court held that "in none of the [counts in the indictment] was the date made an essential element. Since all the dates alleged fall within the period of the statute of limitation, only one sentence can be imposed." Id. at 253-254.

Therefore, Hudson's conviction for aggravated sexual battery should have merged with the conviction for child molestation for purposes of sentencing. Accordingly, the sentences are vacated, and the case is remanded to the trial court for resentencing.

3. In light of our holding in Division 1, we need not address Hudson's remaining enumeration of error which is that, under the statute in effect at the time of his sentencing, the maximum sentence for aggravated sexual battery was 20 years. We note, however, that the State concedes that the statute in effect at the time the crimes were committed does not authorize the life sentence imposed by the trial court.

*Judgment affirmed, sentences vacated, and case remanded for resentencing. Phipps, P. J., and McFadden, J., concur.*

DECIDED MAY 13, 2011.

*Mark A. Begnaud*, for appellant.
*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellee.