**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/**

**October 17, 2012**

# In the Court of Appeals of Georgia

A12A1149. HUDSON v. THE STATE.

MILLER, Presiding Judge.

This is the second appearance of the case before this Court. In the first appeal, *Hudson v. State*, 309 Ga. App. 580 (711 SE2d 95) (2011) ("*Hudson I*"), we vacated Claude Wayne Hudson's sentences for the offenses of aggravated sexual battery (OCGA § 16-6-22.2 (b)) and child molestation (OCGA § 16-6-4 (a) (1)), because the trial court failed to merge the convictions, and we remanded the case for resentencing. Hudson now appeals the new sentence entered upon remand. Hudson contends that the trial court violated his due process rights by increasing his custodial sentence for child molestation because the new sentence was more severe than the original sentence. For the reasons set forth below, we reverse and remand this case again for the trial court to reconsider Hudson's sentence.

The facts are fully set forth in *Hudson I,* supra, 309 Ga. App. at 580. Following a jury trial, Hudson was convicted of aggravated sexual battery and child molestation based on evidence that he had molested his niece. See id. The trial court sentenced Hudson to life on the aggravated sexual battery charge, with 25 years to serve and the remainder probated. The trial court sentenced Hudson to 30 years on the child molestation charge, with 10 years to serve and the remainder probated. Id. The two sentences were to run concurrently. On appeal from those sentences, this Court held that Hudson's conviction for aggravated sexual battery should have merged with the conviction for child molestation. Id. at 582 (2). We therefore vacated the sentences and remanded for resentencing. Id. Following remand, the trial court resentenced Hudson to 30 years on the child molestation charge, increasing the custodial term to 25 years, rather than 10 years, and probating the remainder.

On appeal, Hudson argues that the trial court violated his due process rights under the principle articulated in *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969), when it increased his custodial sentence on the child molestation conviction by 15 years. In *Pearce*, supra, 395 U. S. at 724-725 (II) (C), the Supreme Court of the United States created a presumption of vindictiveness that arises whenever a more severe sentence is imposed after a defendant has successfully

2

attacked his sentence on appeal. The presumption of vindictiveness, however, may be overcome by objective information in the record justifying the increased sentence. See id. at 726 (II) (C). The evil sought to be prevented in *Pearce* is vindictiveness of a sentencing judge, rather than simply enlarged sentences upon resentencing. See *Texas v. McCullough*, 475 U. S. 134, 138 (II) (106 SC 976, 89 LE2d 104) (1986).

The precedents from the Supreme Court of Georgia are conflicting as to the proper methodology for determining whether a trial court's resentencing of a defendant resulted in a more severe sentence under *Pearce*. In 1975, in *Anthony v. Hopper*, 235 Ga. 336, 337-338 (1) (219 SE2d 413) (1975), the Supreme Court of Georgia, in a unanimous decision, applied a "count-by-count" approach, which requires a court to compare the sentences on each count of an indictment separately.

In 2010, however, in *Adams v. State*, 287 Ga. 513, 517-520 (2) (696 SE2d 676) (2010), a plurality of the Supreme Court of Georgia criticized the count-by-count approach applied in *Anthony* and applied the "aggregate" approach instead. Under the aggregate approach, a court must "compare the total original sentence to the total sentence after resentencing. If the new sentence is greater than the original sentence, the new sentence is considered more severe." (Citations omitted.) Id. at 517 (2). The plurality in *Adams* noted that the aggregate approach has been adopted by "[t]he vast

3

majority of federal and state appellate courts[.]" (Citations and punctuation omitted.) Id.

Here, the severity of Hudson's new sentence, and whether the *Pearce* presumption of vindictiveness arises, depends on whether it is judged on a count-by-count basis or in the aggregate on all counts.[1] Under the aggregate approach, Hudson's new sentence was not more severe. That is, Hudson's initial sentence on both counts would have resulted in a total of 25 years in prison and probation for the remainder of his life. After the conviction for aggravated sexual battery was merged into the conviction for child molestation, he was resentenced to a total of 25 years in prison and 5 years on probation.

Under the count-by-count approach, however, Hudson's new sentence was more severe. Specifically, Hudson's initial sentence on the child molestation count would have resulted in 10 years in prison and 20 years on probation. Hudson was resentenced on the same count for a total of 25 years in prison and 5 years on

---

[1] The State incorrectly cites *Johnson v. State*, 307 Ga. App. 499, 500-501 (705 SE2d 303) (2010), as having applied the aggregate approach rather than the count-by-count approach. Contrary to the State's assertion, this Court in *Johnson*, supra, 307 Ga. App. at 500, was not required to make a decision as between the two approaches, because the defendant's new sentence was not harsher either by count or in the aggregate. Therefore, regardless of the approach utilized, the *Pearce* presumption did not apply in *Johnson*.

4

probation. Accordingly, although the probationary period of Hudson's sentence was less, his prison sentence was increased by 15 years.

Hudson contends that the aggregate approach in *Adams* is not controlling because the decision had the full concurrence of only three Justices. As such, he argues that Georgia still follows the count-by-count approach applied in *Anthony*. In view of the divergent rulings from the Supreme Court of Georgia, this Court, the trial court, and the State bar are somewhat handicapped in determining which approach should be applied. Nevertheless, in the wake of only a plurality opinion in *Adams*, and in an abundance of caution, we conclude that Georgia still follows the count-by-count approach as applied in *Anthony*. Until and unless *Anthony* is overruled by a decision of the Georgia Supreme Court, which is concurred in by a majority of the Justices, it remains controlling.[2] Accordingly, when we apply the approach set forth

---

[2] See, e.g., *Blake v. State*, 272 Ga. App. 402, 403-404 (1), 406 (612 SE2d 589) (2005) (concluding that the binding precedent of *Anthony* controlled the methodology and outcome of the case and applying count-by-count approach) (physical precedent only); see also *Thompson v. Thompson*, 288 Ga. 4, 5 (1) n.2 (700 SE2d 569) (2010) ("[Where Georgia Supreme Court case] purport[ed] to overrule the long-standing line of cases, it d[id] not achieve that goal because only a plurality, not a majority, of th[e] [Supreme] Court ha[d] determined that those cases must 'give way.' Thus, the bench and bar [were] apprised that [a prior majority opinion of the Supreme Court] and all of the other cases which appl[ied] [that same legal analysis] . . . remain[ed] controlling authority for the present and that the holdings in those cases [were to] be followed as accurate statements of the applicable law.") (citation and punctuation

in *Anthony*, Hudson's new sentence was more severe than his original sentence on the child molestation count, giving rise to the *Pearce* presumption of vindictiveness.

Since the *Pearce* presumption of vindictiveness was triggered, the trial court was required to overcome it with affirmative reasons or facts to substantiate the new sentence. See *Pearce*, supra, 395 U. S. at 726 (II) (C).

> Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant *occurring after the time of the original sentencing proceeding*. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

(Emphasis supplied.) Id. In its written resentencing order, the trial court attempted to dispel the presumption of vindictiveness by stating that the same term of confinement as the original sentence was intended not only to deter Hudson from engaging in the same type of sexual misconduct upon release, but also primarily to punish Hudson for his offense. The trial court also cited the victim's age, Hudson's familial relationship with the victim, and Hudson's prior child molestation offense as aggravating circumstances justifying the new sentence. However, *Pearce* requires the reasons for

omitted).

6

the new sentence to be based upon identifiable conduct occurring *after* the time of the original sentencing proceeding. See id. And here, the circumstances cited by the trial court are the same as those that previously existed at the first sentencing proceeding, and thus provided no basis for an increased sentence on the child molestation charge upon remand. Therefore, the case is remanded for reconsideration of Hudson's sentence so that it conforms with the law established by *Pearce* and its progeny.

*Judgment reversed and case remanded. Ray and Branch, JJ., concur fully and specially.*

# In the Court of Appeals of Georgia

A12A1149. HUDSON v. THE STATE.

RAY, Judge, concurring fully and specially.

Although I concur fully in the majority's determination that *Anthony v. Hopper*'s[3] count-by-count approach remains binding precedent, and that because of this, the *North Carolina v. Pearce*[4] presumption of vindictiveness has been triggered, I write specially to re-emphasize the problems associated with the count-by-count approach, as eloquently discussed by Judge Bernes in *Blake v. State*.[5] Judge Bernes'

---

[3] 235 Ga. 336, 337-338 (1) (219 SE2d 413) (1975).

[4] 395 U. S. 711, 724-725 (II) (C) (89 SC 2072, 23 LE2d 656) (1969).

[5] 272 Ga. App. 402, 406-410 (612 SE2d 589) (2005).

8

special concurrence in that case advocated for a presumption of vindictiveness that applies only when there is a "real likelihood of actual vindictiveness by the trial judge."[6] Judge Bernes noted that a majority of federal circuit courts of appeal applying the *Pearce* presumption, as well as some state appellate courts, have declined to use the count-by-count approach and have instead adopted some form of the aggregate approach.[7] I believe Georgia should follow suit.

We already have considered the aggregate approach outside the context of the *Adams v. State* plurality.[8] In *Alvarado v. State*[9] and *Duffey v. State,*[10] we applied such an approach when concurrent sentences were made consecutive at resentencing,

---

[6] (Citation omitted.) *Blake*, supra at 408. See *Alabama v. Smith*, 490 U. S. 794, 799 (109 SC 2201, 104 LE2d 865) (1989) (where no reasonable likelihood of vindictiveness exists, defendant bears burden of showing actual vindictiveness).

[7] Id. at 408-409 (providing a comprehensive list of relevant cases in federal circuit courts of appeal and state appellate courts). See also *Adams v. State*, 287 Ga. 513, 517 (2) (696 SE2d 676) (2010)

[8] *Adams*, supra at 516-520 (2).

[9] 248 Ga. App. 810, 811 (1) (547 SE2d 616) (2001) (trial court "plainly intended to sentence the defendant to a certain amount of time for his conduct").

[10] 222 Ga. App. 802, 803-804 (1), (2) (476 SE2d 89) (1996) (trial court "plainly intended appellant to serve 30 years for his crimes against these children; the fact that two technically redundant counts were vacated does not lessen the severity of the crimes . . . and it certainly does not require the trial court to *reduce* appellant's sentence for the remaining counts") (emphasis in original).

9

recognizing that when trial judges impose sentences stemming from the *same underlying unlawful conduct*, their intent in fashioning those sentences is based on a holistic analysis of the multi-count convictions before them.

In the instant case, the acts for which Hudson was convicted as a recidivist arose from the same events – Hudson's sexual molestation of his very young niece. The trial court in its initial sentence clearly attempted to effectuate a broad conception of Hudson's culpability. The application of the *Pearce* presumption of vindictiveness here, via *Anthony*, may eviscerate that intent. This is because on remand, theoretically, Hudson's custodial sentence could drop from 25 years total on the prior two counts to the original 10 years assigned to the surviving child molestation count. A potential result of the *Pearce* presumption has been recognized by Justice Hugo Black, who noted that "the Court's opinion [in *Pearce*] may hereafter cause judges to impose *heavier sentences* on defendants in order to preserve their lawfully authorized discretion should defendants win reversals of their original convictions."[11]

Federal courts adopting the aggregate method have recognized that "[b]ecause the sentences are interdependent, the reversal of convictions underlying some, but not

---

[11] (Emphasis supplied.) *Pearce*, supra at 743 (concurring in part and dissenting in part).

10

all, of the sentences renders the sentencing package ineffective in carrying out the . . . court's sentencing intent as to any one of the sentences on the affirmed convictions."[12] Therefore,

> the aggregate approach best reflects the realities faced by . . . judges who sentence a defendant on related counts of an indictment. Sentencing is a fact-sensitive exercise that requires . . . judges to consider a wide array of factors when putting together a 'sentencing package.' When an appellate court subsequently reverses a conviction . . . that was part of the original sentence, the . . . court's job on remand is to reconsider *the entirety of the (now-changed) circumstances* and fashion a sentence that fits the crime and the criminal.[13]

Although Georgia does not have per se sentencing packages, it would be disingenuous to say trial judges do not consider related counts in crafting sentences; it would be ludicrous to say that upon remand they should not consider the "entirety of the (now-changed) circumstances." For the foregoing reasons, I respectfully

---

[12] *United States v. Shue*, 825 F.2d 1111, 1114 (III) (A) (7th Cir. 1987).

[13] (Footnote omitted; emphasis supplied.) *United States v. Campbell*, 106 F.3d 64, 68 (I) (B) (5th Cir. 1997). See also *United States v. Pimienta-Redondo*, 874 F.2d 9, 14 (II) (B) (1st Cir. 1989) (en banc) (plurality) ("common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, to ensure that the punishment still fits both crime and criminal") (citations and footnote omitted).

suggest that our Supreme Court consider adopting some version of the aggregate approach.

I am authorized to state that Judge Branch joins in this opinion.