### S13G0311. THE STATE v. HUDSON.
#### (748 SE2d 910)

HUNSTEIN, Justice.

We granted certiorari in this criminal case to decide on the correct approach for determining whether a new sentence, imposed after the defendant's initial sentence has been vacated, constitutes a harsher sentence and thereby triggers a presumption of vindictiveness under *North Carolina v. Pearce*, 395 U. S. 711 (89 SCt 2072, 23 LE2d 656) (1969). More than three decades ago, this Court adopted what is known as the "count-by-count" approach. *Anthony v. Hopper*, 235 Ga. 336 (219 SE2d 413) (1975). However, the majority of federal

and state appellate courts have now adopted the alternative "aggregate" approach. See *Adams v. State*, 287 Ga. 513 (2) (696 SE2d 676) (2010) (three-Justice plurality, noting trend favoring aggregate approach and advocating its adoption). In light of the momentum supporting our adoption of the aggregate approach, we granted certiorari here to settle the issue. For the reasons set forth below, we now adopt the aggregate approach, and we overrule *Anthony v. Hopper* to the extent it requires application of the count-by-count approach. We therefore reverse the judgment of the Court of Appeals.

In *North Carolina v. Pearce*, supra, the United States Supreme Court held that due process prohibits trial courts from penalizing criminal defendants for undertaking successful post-trial challenges to their convictions or sentences. Specifically, the Court held, "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *North Carolina v. Pearce*, 395 U. S. at 725 (II) (C). Furthermore, the Court opined, "due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." (Footnote omitted.) Id. To prevent such fear of retaliation from deterring defendants in the exercise of their appeal rights, the Supreme Court held that vindictiveness will be presumed whenever a more severe sentence is imposed after a retrial or remand, and that to overcome this presumption, the reasons justifying the increased sentence must "affirmatively appear" and be based on "objective information" in the record regarding "identifiable conduct on the part of the defendant." Id. at 726 (II) (C).

Since *Pearce* was decided, the Supreme Court has clarified and refined its *Pearce* jurisprudence. See *Alabama v. Smith*, 490 U. S. 794 (109 SCt 2201, 104 LE2d 865) (1989); *Texas v. McCullough*, 475 U. S. 134, 138 (II) (106 SCt 976, 89 LE2d 104) (1986); *Wasman v. United States*, 468 U. S. 559 (II) (104 SCt 3217, 82 LE2d 424) (1984); *Chaffin v. Stynchcombe*, 412 U. S. 17 (II) (93 SCt 1977, 36 LE2d 714) (1973). However, nowhere in this jurisprudence has the Court prescribed a particular method for determining whether a subsequent sentence is in fact more severe than the first. This case presents us with the opportunity to reassess our approach to this issue.

The pertinent facts are not in dispute. Following a jury trial, Claude Wayne Hudson was convicted on one count of aggravated sexual battery and one count of child molestation. On the aggravated sexual battery count, Hudson was sentenced to life in prison, with 25 years in confinement and the remainder served on probation. On the child molestation count, Hudson was sentenced to 30 years in prison, with 10 years in confinement and the remainder probated. The

sentences were to run concurrently. On appeal, the Court of Appeals, holding that the two convictions should have merged, vacated Hudson's sentences and remanded to the trial court for resentencing. *Hudson v. State*, 309 Ga. App. 580 (2) (711 SE2d 95) (2011). On remand, the trial court resentenced Hudson on the child molestation count to a term of 30 years, with 25 years to be served in confinement and the remainder probated. Hudson appealed again, contending this sentence was more severe than his initial sentence and was thus presumed to have been motivated by trial court vindictiveness under *Pearce*.

As the Court of Appeals noted, whether or not Hudson's second sentence is deemed more severe than his first depends entirely on the method by which this assessment is made. *Hudson v. State*, 318 Ga. App. 54, 55 (733 SE2d 360) (2012) (*"Hudson II"*). The "count-by-count" approach, which this Court utilized in *Anthony v. Hopper*, requires a court to consider each count individually, comparing the initial sentence for each count with the subsequent sentence for that count. *Hudson II*, 318 Ga. App. at 55. If the sentence for any one count increases, the subsequent sentence is deemed more severe and triggers the *Pearce* presumption. See *Anthony v. Hopper*, 235 Ga. at 337-338 (1). Under the alternative "aggregate" approach, "a court must 'compare the total original sentence to the total sentence after resentencing. If the new sentence is greater than the original sentence, the new sentence is considered more severe.'" (Citation omitted.) *Hudson II*, 318 Ga. App. at 55. The difference between the two approaches is illuminated in this case:

> Under the aggregate approach, Hudson's new sentence was not more severe. That is, Hudson's initial sentence on both counts would have resulted in a total of 25 years in prison and probation for the remainder of his life. After the conviction for aggravated sexual battery was merged into the conviction for child molestation, he was resentenced to a total of twenty-five years in prison and five years on probation.
>
> Under the count-by-count approach, however, Hudson's new sentence was more severe. Specifically, Hudson's initial sentence on the child molestation count would have resulted in ten years in prison and twenty years on probation. Hudson was resentenced on the same count for a total of twenty-five years in prison and five years on probation. Accordingly, although the probationary period of Hudson's sentence was less, his prison sentence was increased by 15 years.

Id. at 55-56. Thus, which approach is adopted is determinative of whether the *Pearce* presumption applies at all. The Court of Appeals concluded that it was bound under *Anthony v. Hopper* to utilize the count-by-count approach, thus triggering the *Pearce* presumption and leading to the reversal of the new sentence. *Hudson II*, 318 Ga. App. at 56-57.

In adhering to *Anthony v. Hopper*, the Court of Appeals acknowledged our recent opinion in *Adams v. State*, supra, in which three Justices of this Court expressed their view that the Court should disavow the count-by-count approach in favor of the aggregate approach. See *Hudson II*, 318 Ga. App. at 56. In *Adams*, a four-Justice majority of this Court held that the *Pearce* presumption did not apply because it was the trial court itself (rather than an appellate or a habeas court) that had ordered a new trial; in other words, the fact that the judge was willing to grant a new trial was sufficient to dispel any concern about that judge's vindictiveness towards the defendant. *Adams*, 287 Ga. at 516 (1). In a separate division of the opinion, three of those four Justices also opined that the Court should follow the lead of the "vast majority of federal and state appellate courts" and adopt the aggregate approach. Id. at 516-520 (2). The *Adams* plurality concluded that the aggregate approach better reflects the practical realities faced by trial judges making sentencing decisions on related counts of an indictment. Id. at 517 (2). The plurality also noted that the purpose underlying the *Pearce* presumption — preventing the fear of sentencing judge vindictiveness from chilling defendants' exercise of their appeal rights — would not be served where the new sentence in the aggregate is the same or less severe than the initial sentence. Id. at 518 (2).

In this case, unlike in *Adams*, we are unable to avoid choosing between the two approaches by relying on other grounds for deciding the case. With the issue squarely presented to us, we have reviewed the *Pearce* jurisprudence anew and paid heed to the *Adams* plurality as well as other jurists of this State who have urged this Court to adopt the aggregate approach. See *Hudson II*, 318 Ga. App. at 57-59 (Ray and Branch, JJ., concurring specially, urging this Court to "consider adopting some version of the aggregate approach"); *Blake v. State*, 272 Ga. App. 402, 408 (612 SE2d 589) (2005) (Bernes, J., concurring specially, opining that count-by-count approach "sweeps too broadly" and advocating adoption of aggregate approach). We agree that the time has come to adopt the aggregate approach, for several reasons.

First, it is now clear beyond question that the evil *Pearce* sought to prevent was sentencing judge vindictiveness, not the mere imposition of an enhanced sentence on retrial or remand. See *Adams*, 287

Ga. at 515 (1). This is apparent not only from the Supreme Court's unequivocal statements to this effect, see *Texas v. McCullough*, 475 U. S. at 138 (II); *Wasman v. United States*, 468 U. S. at 568 (II) (B), but also from the numerous post-*Pearce* cases in which the Supreme Court has circumscribed *Pearce*'s reach. See, e.g., *Alabama v. Smith*, 490 U. S. at 801 (*Pearce* presumption does not apply where first sentence entered on guilty plea and subsequent sentence followed trial); *Texas v. McCullough*, 475 U. S. at 139-140 (II) (*Pearce* presumption does not apply where trial court itself grants new trial); *Chaffin v. Stynchcombe*, 412 U. S. at 18 (*Pearce* presumption does not apply to resentencing by jury). As noted by the Court,

> [b]ecause the *Pearce* presumption may operate in the absence of any proof of an improper motive and thus block a legitimate response to criminal conduct, we have limited its application . . . to circumstances where its objectives are thought most efficaciously served.

(Citations and punctuation omitted.) *Alabama v. Smith*, 490 U. S. at 799. In other words, the *Pearce* presumption is a blunt instrument for ascertaining trial court vindictiveness. For the same reasons the Supreme Court has seen fit to limit the factual circumstances in which the *Pearce* presumption is triggered, we see fit to adopt the aggregate approach, as the more precise of the two methods in identifying actual trial court vindictiveness. See *Blake v. State*, 272 Ga. App. at 408 (Bernes, J., concurring specially, opining that count-by-count approach "requires the [*Pearce*] presumption to apply in situations where . . . actual vindictiveness is unlikely").

In addition, we conclude that the aggregate approach is more adept at accommodating the discretion trial courts need in fashioning just and proper sentences. "A sentencing court . . . must have the discretion to fashion a sentence commensurate with the crime(s) for which the defendant is convicted." *United States v. Campbell*, 106 F3d 64, 67 (I) (A) (5th Cir. 1997) (articulating reasons for adopting aggregate approach). As noted by the *Adams* plurality, judges considering multiple related counts stemming from a single course of conduct typically craft sentences on the various counts as part of an overall sentencing scheme. *Adams*, 287 Ga. at 517-518 (2). Where that scheme unravels due to elimination of some of the original counts, the judge should be given a wide berth to fashion a new sentence that accurately reflects the gravity of the crimes for which the defendant is being resentenced. *Campbell*, 106 F3d at 67. A rule presuming vindictiveness only where the subsequent sentence is

more severe in the aggregate affords the judge the appropriate level of discretion in resentencing under these circumstances.

We recognize, of course, that in adopting the aggregate approach we are breaking with decades-old precedent.

> *Stare decisis* is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process. . . . Nevertheless, when governing decisions are unworkable or are badly reasoned, this Court has never felt constrained to follow precedent. . . . *Stare decisis* is not an inexorable command; rather, it is a principle of policy and not a mechanical formula of adherence to the latest decision. . . . This is particularly true in constitutional cases, because in such cases correction through legislative action is practically impossible.

(Citations and punctuation omitted.) *Payne v. Tennessee*, 501 U. S. 808, 827-828 (111 SCt 2597, 115 LE2d 720) (1991). In determining whether to reexamine this Court's precedent, we must consider factors such as the age of the precedent, the reliance interests involved, the workability of the prior decision, and "most importantly, the soundness of its reasoning." *State v. Jackson*, 287 Ga. 646, 658 (5) (697 SE2d 757) (2010). While *Anthony v. Hopper* has been on the books for some time, we find this alone to be an insufficient rationale for adhering to it, particularly when weighed against the countervailing factors. For example, the reliance interests in this case are not compelling. See *State v. Jackson*, 287 Ga. at 658-659 (precedent not involving property or contract issues and establishing no substantive rights does not create meaningful reliance interests). In addition, we have already noted the problems with workability of the count-by-count approach, namely, its relative imprecision in identifying actual trial court vindictiveness and failure to recognize the "big picture" in a trial judge's sentencing decisions.

Perhaps most importantly, we note that *Anthony v. Hopper* was decided just six years after *Pearce* was handed down and thus without the benefit of much of the subsequent jurisprudence applying *Pearce*, both in the Supreme Court and in the numerous federal circuits and states that have now adopted the aggregate approach. See *Adams*, 287 Ga. at 517 (2) (collecting cases adopting aggregate approach). Perhaps because the *Pearce* doctrine was relatively new and untested at the time, *Anthony v. Hopper* contains *no* analysis supporting its adoption of the count-by-count approach but instead adopts that

approach as though there were no other alternative. See id., 235 Ga. at 337-338 (1). Given the lack of evidence that the aggregate approach was even considered at the time, much less that the relative merits of the two approaches were examined and a reasoned selection of one over the other was made, we find little compelling reason for substantial deference to our precedent in this instance.

For the foregoing reasons, we hereby overrule *Anthony v. Hopper* to the extent it adopted the count-by-count approach to analyzing a subsequent sentence under *Pearce*.[1] We join the majority of other state and federal jurisdictions in adopting the aggregate approach. Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur.*

HINES, Presiding Justice, concurring.

In my dissent in the recent case of *Adams v. State*, 287 Ga. 513, 520-527 (696 SE2d 676) (2010), I outlined my reasons for advocating that this Court retain the "count-by-count" approach as the appropriate analysis for determining whether the resentencing of a defendant results in a more severe sentence, so as to raise the presumption of vindictiveness under *North Carolina v. Pearce*, 395 U. S. 711 (89 SCt 2072, 23 LE2d 656) (1969). Central to my concern was that this Court not abandon its long-established and well-founded precedent, which was in harmony with the Georgia legislative plan for sentencing criminal defendants. Today, this Court unequivocally overrules and departs from that precedent to endorse the plurality opinion in *Adams* and to expressly adopt the "aggregate" approach for the purpose of the *Pearce* presumption. I recognize that the merits of both approaches were explored at length in *Adams*, that a majority of the Court did not endorse the views expressed in my dissent, and that there are reasonable arguments to support the "aggregate" approach as well; consequently, I join the will of the majority.

I am authorized to state that Justice Benham joins in this concurrence.

DECIDED SEPTEMBER 23, 2013.

*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellant.
*Mark A. Begnaud, H. Bradford Morris, Jr.*, for appellee.

---

[1] We also overrule Division 1 of *Blake v. State*, supra.