MILLER, Presiding Judge,
concurring in part and dissenting in part.
I concur fully in Divisions 2, 3, and 4 of the majority’s opinion. I also concur fully with the majority’s holding in Division 1 that the evidence was sufficient to support all of Hunt’s convictions. I respectfully dissent to the majority’s decision to vacate Hunt’s sentence and remand this case with direction, because the trial court properly entered separate sentences on each of Hunt’s convictions.
Where an averment in one count of an accusation or indictment distinguishes it from all other counts, either by alleging a different set of facts or a different date which is made an essential averment of the transaction, the State may on conviction punish the defendant for the various crimes.
(Citation and punctuation omitted; emphasis supplied.) Salley v. State, 199 Ga. App. 358, 362 (4) (405 SE2d 260) (1991); see also *832 Anderson v. State, 306 Ga. App. 423, 424 (2) (702 SE2d 458) (2010). Moreover, it is well settled that where the “averments of each count refer to a different period of time [the] same is made an essential averment of the transaction, and each count of the indictment is distinguishable.” (Citations omitted.) Hamilton v. State, 167 Ga. App. 370, 371 (306 SE2d 673) (1983).
Decided March 29, 2016 —
Reconsideration denied April 14, 2016
Benjamin A. Pearlman, for appellant.
J. Bradley Smith, District Attorney, Samuel E. Skelton, Patricia J. Brooks, Assistant District Attorneys, for appellee.
Here, in each pair of counts (Counts 1 and 2, 3 and 4, 5 and 6, 7 and 8, 9 and 10, and 14 and 15), the second count charged Hunt with committing the alleged act on an occasion or date different from the prior count. For instance, Count 2 charged Hunt with committing rape “on an occasion different than Count 1”; Count 4 charged Hunt with committing child molestation “on a date different from Count 3”; and Count 6 charged Hunt with committing aggravated child molestation “on a date different than Count 5.” Because Hunt’s indictment alleged that each pair of crimes was committed on different dates, those dates were made an essential averment of each charged crime. Salley, supra, 199 Ga. App. at 362 (4). Evidently, the trial court found that the evidence was legally sufficient as to each date alleged in each count of Hunt’s indictment. Consequently, the trial court did not err in sentencing Hunt separately for each of his convictions. See Anderson, supra, 306 Ga. App. at 424 (2). Accordingly, I would affirm the trial court.